Jerence SMITH, Appellant,

v.

TEXAS DEPARTMENT OF CRIMI-
NAL JUSTICE–INSTITUTION-
AL DIVISION, Appellee.

No. 06–00–00072–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 10, 2000.

Decided Oct. 11, 2000.

Rehearing Overruled Dec. 19, 2000.

Jerence Smith, Lovelady, pro se.

John Cornyn, Atty. Gen., Austin, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Jerence Smith appeals from the dismissal of his suit against the Texas Department of Criminal Justice—Institutional Division (TDCJ). Smith, an inmate, alleged that TDCJ lost his personal property and replaced it with items that were "either worn out, broken, or out of date and stale," in violation of TDCJ policy.[1] Smith attached to his petition an affidavit of indigence, an affidavit documenting his compliance with TDCJ grievance procedures, and an affidavit asserting that he had filed no previous lawsuits in Texas or federal courts. The trial court dismissed Smith's suit before service of process, stating as its reasons that (1) the realistic chance of success is slight, (2) Smith failed to attach to his petition a written decision showing he used the grievance procedure as required by law, and (3) the action is frivolous and dismissal is appropriate under TEX.CIV.PRAC. & REM.CODE ANN. § 14.003 (Vernon Supp.2000).

We review a dismissal under Chapter 14 of the Civil Practice and Remedies Code using an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex.App.—Waco 1996, no writ). The trial court abuses its discretion if it acts without reference to any guiding rules or principles.

---

1. The property consisted of one clock radio, one set of headphones, one FM Booster, one pair of beachcombers, one night-light, one pair of athletic shoes, two pairs of thermal underwear, two T-shirts, fourteen bags of coffee, eleven bars of soap, twenty-six canned goods, six bags of cookies, one multi-outlet, twenty-one stamped envelopes, four jars of hair food, two tubes of shaving cream, four containers of shampoo, and four tubes of toothpaste.

Section 14.003 allows a trial court to dismiss a suit filed by an indigent inmate, either before or after service of process, if the court finds that the claim is frivolous or malicious. TEX.CIV.PRAC. & REM.CODE ANN. § 14.003(a)(2). In determining whether the claim is frivolous or malicious, the court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX.CIV.PRAC. & REM. CODE ANN. § 14.003(b).

■ The Texas Supreme Court has expressed doubt about whether a trial court can properly dismiss a suit only because the claim's realistic chance of ultimate success is slight or because it is clear that the party cannot prove facts in support of the claim. *Johnson v. Lynaugh,* 796 S.W.2d 705, 706–07 (Tex.1990). Practically speaking, therefore, the trial court is limited to determining whether the claim has an arguable basis in law or fact. *Bohannan v. Texas Bd. of Criminal Justice,* 942 S.W.2d 113, 115 (Tex.App.—Austin 1997, writ denied). When the trial court dismisses a claim without conducting a fact hearing, we are limited to reviewing whether the claim had an arguable basis in law. *Sawyer v. Texas Dep't of Criminal Justice,* 983 S.W.2d 310, 311 (Tex.App.— Houston [1st Dist .] 1998, pet. denied); *Leon Springs Gas Co. v. Rest. Equip. Leasing Co.,* 961 S.W.2d 574, 579 (Tex. App.—San Antonio 1997, no pet.); *Bohannan v. Texas Bd. of Criminal Justice,* 942 S.W.2d at 115; *In re Wilson,* 932 S.W.2d 263, 265 (Tex.App.—El Paso 1996, no writ).

Smith contends that his suit has an arguable basis in law because the Texas Tort Claims Act waives sovereign immunity for the negligent implementation of policy. He maintains that his suit complained about TDCJ replacing his lost property with property of inferior quality, in violation of TDCJ's stated policy. We find, however, that the trial court's second reason for dismissing Smith's suit—that Smith failed to attach a written decision indicating that he availed himself of TDCJ's grievance procedure—is dispositive of his appeal.

■ An inmate may not file a claim in state court regarding operative facts for which the TDCJ grievance system provides the exclusive administrative remedy until the inmate receives a written decision issued by the highest authority provided for in the grievance system, or the 180th day after the date the grievance is filed if the inmate has not received a written decision. TEX.GOV'T CODE ANN. § 501.008(d) (Vernon 1998). An inmate who files a claim that is also subject to the grievance system must file an affidavit stating the date a grievance was filed and the date a written decision was received, and a copy of the written decision. TEX.CIV.PRAC. & REM.CODE ANN. § 14.005(a) (Vernon Supp. 2000). If the inmate fails to file a claim within thirty-one days of receiving a final decision from the grievance system, the trial court must dismiss the suit.[2] TEX.CIV.PRAC. & REM.CODE ANN. § 14.005(b) (Vernon Supp.2000). If a claim is filed before the grievance proceeding has run its course, the trial court must stay the suit for at least 180 days to permit completion of the proceeding. TEX.CIV.PRAC. & REM.CODE ANN. § 14.005(c) (Vernon Supp. 2000).

---

2. That is the case here. Smith received a final decision from the grievance system on November 30, 1999; he did not file his suit until February 4, 2000. However, where a trial court dismisses a suit under Chapter 14 of the Civil Practice and Remedies Code and states its reasons in its order, this Court is limited to reviewing only its stated reasons. *Loper v. Smith Corona, Inc.,* No. 07–99–0272–CV, 2000 WL 798799, at \*2 (Tex.App.—Amarillo June 21, 2000, no pet. h.). Therefore, we do not consider whether dismissal was appropriate under Section 14.005(b).

The purpose of Section 14.005 is to allow the trial court to ensure that an inmate proceeding *in forma pauperis* has first used TDCJ's grievance procedure, if it is applicable to his claim. Though Section 14.005 does not explicitly so provide, its obvious purpose is to allow the trial court to dismiss a suit when it becomes clear that the inmate has failed to provide the information the statute requires. Therefore, it is incumbent on the inmate to provide the required information before it comes to the trial court for review. This is especially true because Section 501.008 of the Government Code precludes an inmate from filing a claim until he has exhausted his remedies through the grievance system.

Smith's affidavit reveals that he filed a Step 1 grievance on July 18, 1999, and received an answer on September 3, 1999. Thereafter, he filed a Step 2 grievance on October 15, 1999, and received an answer on November 30, 1999. The record reflects that the written decision from his Step 1 grievance was filed in the district clerk's office on March 13, 2000, four days after the trial court dismissed his suit on March 9. However, the decision from his Step 2 grievance was not filed.

Smith contends that he mailed copies of the grievance system decision to the district clerk on March 6, 2000, three days before the trial court signed the order of dismissal. Even if this is true, the trial court did not abuse its discretion. First, Smith failed to file the written decision from Step 2 of the grievance proceeding. Therefore, the trial court acted within its authority in dismissing the suit for failure to comply with the requirements of Section 14.005(a). Second, the trial court knew that Smith had completed grievance proceedings, because Smith filed an affidavit with his petition demonstrating his compliance. But the trial court did not have the written decisions from the grievance system before it, because Smith did not file the decision until four days after the trial court signed the order of dismissal. The mailbox rule, Tex.R.Civ.P. 5,[3] would not operate to enlarge the time, because Section 14.005(a) does not provide a deadline for filing the information. The trial court has discretion to dismiss the suit any time it becomes apparent that the inmate has failed to provide the required information. Therefore, the information must be filed before it comes before the trial court for review.

Smith contends that TDCJ does not have copying services for indigent inmates, so he was compelled to send the documents to his family to be copied. As the plaintiff in this action, however, Smith had control over when his petition was filed. His suit was subject to dismissal in the absence of documentation demonstrating his compliance with the grievance procedures. He could have provided that documentation when he filed his petition, instead of filing it a month later.

We affirm the trial court's judgment.

---

**3.** Tex.R.Civ.P. 5 provides:
If any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time.