In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-091 CV


____________________



JIMMY D. JONES, Appellant



V.



ROBERT TREON, BRUCE ZELLER, and LYOD MASSEY, Appellees






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. CIV 18,827






OPINION


 Jimmy D. Jones, an inmate incarcerated in the Terrell Unit of the Texas Department
of Criminal Justice, Institutional Division, sued wardens Robert Treon, Bruce Zeller, and
Lyod Massey, for allegedly depriving Jones of his civil rights under color of law. The
trial court dismissed the suit as frivolous. The sole issue raised on appeal challenges that
dismissal. 

 The petition filed by Jones on October 2, 2000 alleged that the section of the Terrell
Unit on which Jones resides had been on lockdown since an August 29, 2000, incident
between an inmate and guards. The petition alleged "nothing else had occurred between
staff and inmates," and the prisoners should have been advanced to "week four status"
instead of "week one, day one" status, under Administrative Directive 3.31. The
continuing lockdown allegedly violated Jones's rights under the 1st, 4th, 8th, and 14th
Amendments. Jones did not file his grievance forms with his petition.

 On December 8, 2000, the trial court directed the Attorney General to review the
case file and advise the court as to whether the plaintiff had complied with the statutory
requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. Tex. Civ.
Prac. & Rem. Code Ann. §§ 14.001-.014 (Vernon Supp. 2001). The amicus curiae reply
filed by the Attorney General's Office on January 25, 2001, alleged Jones had failed to file
a copy of his grievance. See Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (Vernon
Supp. 2001). The trial court dismissed the cause as frivolous on January 31, 2001. 

 Jones attached the grievance forms to a "Motion to Forward Procedural Evidence,"
filed February 12, 2001. The grievance that the prisoners "have repeatedly been put back
at week one, because of one or two persons refusals to comply with TDCJ-ID rules." 
Jones complained that he had not been allowed a hot meal for the last 18 days and had
been denied commissary privileges. Jones referred to "TDCJ-ID Policy AD # 03.31
Directive For Institutional lock-down" but did not identify in what manner the directive
had been violated. The grievance does not mention any of the defendants. Jones's Step
2 grievance had been resolved on October 16, 2000. 

 On appeal Jones complains that the trial court erred in dismissing the suit without
first abating the suit for completion of the administrative process, and in failing to reinstate
the suit after Jones filed the forms. This issue was decided adversely to the appellant in
Smith v. Texas Dep't of Criminal Justice-Institutional Div., 33 S.W.3d 338, 341 (Tex.
App.--Texarkana 2000, pet. denied). The inmate must comply with Section 14.005 before
the trial court reviews the petition. Id. 

 Furthermore, a court may dismiss a claim, even before service of process, if the
claim is frivolous. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon Supp.
2001). Thus, the trial court did not err in dismissing Jones's suit if it bore no arguable
basis in law. See Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex. App.--Houston [1st
Dist.] 1998, no pet.). In his appellate brief, Jones claims he sued the appellees in their
official capacities. The petition asserted a civil rights cause of action under 42 U.S.C.A.
§ 1983 (West Supp. 2001). Such a suit may be maintained against the defendants only in
their individual capacities. Harrison v. Texas Dep't of Criminal Justice-Institutional Div.,
915 S.W.2d 882, 888 (Tex. App.--Houston [1st Dist.] 1995, no writ). State officials
acting in their official capacities are not "persons" for purposes of Section 1983. See Will
v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d
45, 58 (1989). Because Jones concedes that he sued the appellees in their official
capacities, the trial court did not err in ruling that the suit was frivolous, irrespective of
Jones's compliance with the procedural requirements for inmate litigation. 

 We hold that the trial court ruled within its discretion when it dismissed the suit. 
The issue is overruled. The judgment is affirmed.

 AFFIRMED. 

 

 ______________________________

 RONALD L. WALKER

 Chief Justice



Submitted on October 29, 2001

Opinion Delivered November 8, 2001

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.



DISSENTING OPINION


 I respectfully dissent. Attached to Jones' petition is his "Plaintiff's Affidavit of
Prior Litigation and Grievances." (1) It stated, in pertinent part:

 . . . I have filed a grievance in this cause, see Grievance No.#2001013402 on both
Step 1, and Step 2 which was denied on Step 1, and pending Step 2.


 Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (Vernon Supp. 2001) deals with
what an inmate must file with the court when his claim is subject to the grievance system
established under Section 501.008 of the Texas Government Code. See Tex. Gov't Code
Ann. § 501.008 (Vernon 1998). Subsection (c) states:

 If a claim is filed before the grievance system procedure is complete,
the court shall stay the proceeding with respect to the claim for a period not
to exceed 180 days to permit completion of the grievance system procedure.


Tex. Civ. Prac. & Rem. Code Ann. § 14.005(c) (Vernon Supp. 2001).


 The word "shall" is generally recognized as being mandatory. See Tex. Gov't
Code Ann. § 311.016(2) (Vernon 1998); Helena Chemical Co. v. Wilkins, 47 S.W.3d
486, 493 (Tex. 2001); Albertson's, Inc. v. Sinclair, 984 S.W.2d 958, 961 (Tex. 1999);
accord Jefferson County Drainage Dist. No. 6 v. Lower Neches Valley Auth., 876 S.W.2d
940, 946 (Tex. App.--Beaumont 1994, writ denied). Even the case cited by the majority,
Smith v. Texas Dept. of Criminal Justice-Inst. Div., 33 S.W.3d 338, 340 (Tex. App.--Texarkana 2000, pet. denied), recognized that if a claim is filed before the grievance
proceeding has run its course, the trial court must stay the suit for at least 180 days to
permit completion of the proceeding. 

 Here, Jones' step one grievance had been completed on September 23, 2000. His
step two grievance was filed on September 28, 2000, and denied on October 16, 2000. 
Jones' original petition was filed on October 2, 2000. Clearly his petition was filed
prematurely (2), as contemplated by section 14.005 (c); therefore the trial court was under
a mandatory duty to abate his suit. (3)

 Additionally, the trial court should have considered Jones' "Motion to Forward
Procedural Evidence" as a Motion for New Trial. In this regard, I simply disagree with
my brethren on the Texarkana Court. The inmate complied with the statutory
requirements, albeit not tardily, but within the time period for a motion for new trial. The
defendants were not prejudiced by Jones' tardy filing of the grievance decisions. I would
reverse the trial court and order a new trial. (4) 





 DON BURGESS

 Justice

Dissent Delivered 

November 8, 2001

Do Not Publish

1. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(1) (Vernon Supp. 2001).
2. Admittedly Jones was required to file a copy of the step one grievance decision
with this petition. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(2) (Vernon Supp.
2001).
3. Unfortunately, the statute does not address what procedure is to be used to "revive"
the suit after initial abatement.
4. This is not to say that Jones' suit may not be indeed frivolous.