Affirmed as Modified and Memorandum Opinion filed March 30, 2004









Affirmed as Modified and Memorandum Opinion filed
March 30, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00801-CV

____________

 

PHILLIP
JOE BARNES, Appellant

 

V.

 

THE TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, THE TEXAS DEPARTMENT OF CRIMINAL JUSTICEBINSTITUTIONAL DIVISION, GARY JOHNSON, JANIE COCKRELL, CARL
JEFFRIES, 

A.M. (MAC) STRINGFELLOW,
FRANK HOKE, GARY MOHR, MICHAEL A. WILSON, 

MICHAEL BIBBS, AND JOHN
DOES 1B3, Appellees

 



 

On Appeal from the 12th District Court

Walker County, Texas

Trial Court Cause No. 21,532

 



 

M E M O R A N D U M   O P I N I O N

Phillip Joe Barnes appeals the
trial court=s dismissal with prejudice of his
claims under chapter 14 of the Texas Civil Practice and Remedies Code.  We modify the trial court=s order
to dismiss Barnes=s claims
without prejudice, and as so modified, we affirm the trial court=s order.








I.  Factual and Procedural Background

Barnes is
an inmate in the Texas Department of Criminal Justice, Institutional
Division.  Barnes filed a pro se, in
forma pauperis lawsuit asserting various claims against the appellees.  The Attorney General of Texas, acting as amicus
curiae, advised the trial court that Barnes had not fulfilled the
requirements of section 14.005(a) of the Texas Civil Practice and Remedies
Code.  The trial court dismissed Barnes=s claims
under chapter 14 of the Texas Civil Practice and Remedies Code. 

II.  Issues and
Analysis

On appeal, Barnes asserts, among
other things, that the trial court abused its discretion by dismissing his
claims for failure to comply with section 14.005(a) of the Texas Civil Practice
and Remedies Code and by failing to grant Barnes=s motion
to appoint counsel.  Barnes also asserts
the trial court erred by dismissing his claims with prejudice.

 

A.        Did the trial court abuse its discretion
by dismissing Barnes=s claims for failure to comply with section
14.005(a) of the Texas Civil Practice and Remedies Code?

 

Under his first and second
issues, Barnes asserts that the trial court erred by dismissing his claims for
failure to comply with section 14.005(a) of the Texas Civil Practice and
Remedies Code.  We review a trial court=s dismissal
of an inmate=s claims under chapter 14 of the
Texas Civil Practice and Remedies Code under an abuse-of-discretion
standard.  Retzlaff v. Texas Dept. of
Criminal Justice, 94 S.W.3d 650, 654 (Tex. App.CHouston [14th Dist.] 2002, pet. denied).  To establish an abuse of discretion, Barnes
must show that the trial court acted without reference to any guiding rules and
principles or, alternatively, that the trial court=s actions
were arbitrary or unreasonable based on the circumstances of his individual
case.  Id.  The fact that, under similar circumstances,
an appellate court might decide a matter differently than did the trial court,
does not demonstrate that an abuse of discretion has occurred.  Id.  









Section 14.005 of the Texas Civil
Practice and Remedies Code states:

(a)       An inmate who files a claim that is
subject to the grievance system established under Section 501.008, Government
Code, shall file with the court:

(1)       an affidavit or unsworn declaration
stating the date that the grievance was filed and the date the written decision
described by Section 501.008(d), Government Code, was received by the inmate;
and

(2)       a copy of the written decision from the
grievance system.

Tex. Civ. Prac.
& Rem. Code '
14.005(a).

Section 501.008(d) of the Texas
Government Code states:

(d)       An inmate may not file a claim in state
court regarding operative facts for which the grievance system provides the
exclusive administrative remedy until:

(1)       the inmate receives a written decision
issued by the highest authority provided for in the grievance system; or

(2)       if the inmate has not received a written
decision described by Subdivision (1), the 180th day after the date the
grievance is filed.

Tex. Gov=t Code '
501.008(d).

On appeal, Barnes argues that he
complied with section 14.005(a)[1]
by filing with his petition an affidavit that satisfied section 14.005(a)(1)
and by filing with his petition copies of the written decisions he had received
from the grievance system and that were referenced in his affidavit.  Barnes did file with his petition an unsworn
declaration, in which he states the following:

(1)       Barnes has received four written
decisions described by section 501.008(d) of the Government Code regarding
grievances pertaining to the claim in this lawsuit.








(2)       Barnes filed grievance number 2002016217
on September 27, 2001.  On November 9,
2001, Barnes submitted his Step 2 grievance, and on January 14, 2002, Barnes
received the written decision issued by the highest authority provided for in
the grievance system regarding this grievance.

(3)       Barnes filed grievance number 2002043130
on November 12, 2001.  On January 1,
2002, Barnes submitted his Step 2 grievance, and on January 31, 2002, Barnes
received the written decision issued by the highest authority provided for in
the grievance system regarding this grievance.

(4)       Barnes filed grievance number 2002047485
on November 19, 2001. On January 4, 2002, Barnes submitted his Step 2
grievance, and on February 1, 2002, Barnes received the written decision issued
by the highest authority provided for in the grievance system regarding this
grievance.

(5)       Barnes filed grievance number 2002049608
on December 20, 2001.  On January 3,
2002, Barnes submitted his Step 2 grievance, and on February 1, 2002, Barnes
received the written decision issued by the highest authority provided for in
the grievance system regarding this grievance.

 

The grievance forms that Barnes
submitted with his petition are jumbled, with the front of each Step 1
grievance form followed by the back of a Step 2 grievance form and the front of
each Step 2 grievance form followed by the back of a Step 1 grievance form.  Because the backs of some of the forms do not
reference the grievance number, it is difficult to determine which grievance
decisions (or portions thereof) Barnes filed. 
Barnes submitted the following sheets that appear to be written
decisions issued by the highest authority provided for in the grievance system:

(1)       One decision is dated December 17, 2001,
does not reference a grievance number, and states it was signed by Barnes on
November 8, 2001.

(2)       One decision is dated January 17, 2002,
does not reference a grievance number, and states it was signed by Barnes on
December 31, 2001.

(3)       One decision is dated January 23, 2002,
does not reference a grievance number, and states it was signed by Barnes on
January 3, 2001[sic].








Barnes filed no additional
grievance decisions before the trial court dismissed his suit.[2]  The record shows that Barnes did not file a
copy of the written decision from the grievance system issued by the highest
authority provided for in the grievance system regarding grievance numbers
2002016217, 2002043130, 2002047485, and 2002049608.  Therefore, Barnes did not comply with section
14.005(a)(2), and the trial court did not abuse its discretion in dismissing
Barnes=s
suit.  See Tex. Civ. Prac. & Rem. Code ' 14.005; Tex. Gov=t Code '
501.008(d); Bishop v. Lawson, C S.W.3d C, C, No.
2-03-076-CV, 2004 WL 392991, at *2B3 (Tex.
App.CFort
Worth Mar. 4, 2004, no pet. h.) (affirming dismissal for failure to file
written grievance decisions as required by section 14.005(a)(2)); Kelley v.
Scott, No. 14-01-00696-CV, 2003 WL 21229275, at *3 (Tex. App.CHouston
[14th Dist.] May 29, 2003, no pet.) (mem. op.) (affirming dismissal for failure
to comply with section 14.005(a),(b)); Smith v. Tex. Dep=t of
Criminal JusticeBInst.
Div., 33 S.W.3d 338, 341 (Tex. App.CTexarkana
2000, pet. denied) (affirming dismissal for failure to file written grievance
decisions as required by section 14.005(a)(2)). 
Accordingly, we overrule Barnes=s first
and second issues.[3]

B.        Did the trial court err in failing to appoint legal counsel
for Barnes?








In his seventh issue, Barnes
asserts the trial court abused its discretion by failing to grant Barnes=s motion
to appoint counsel.  After reviewing the
record, we conclude that this case does not present exceptional circumstances
entitling Barnes to appointed legal counsel and that the trial court did not
abuse its discretion by declining to appoint counsel for Barnes.  See Gibson v. Tolbert, 102 S.W.3d 710,
712B13 (Tex.
2003) (holding trial court did not abuse discretion in failing to appoint
counsel for prison inmate in civil lawsuit). 
Accordingly, we overrule Barnes=s seventh
issue.

C.        Did the trial court err in dismissing Barnes=s claims
with prejudice?

In his third issue, Barnes
asserts the trial court erred in dismissing his claims with prejudice rather
than without prejudice.  We agree.  When a trial court dismisses for failure to
comply with section 14.005(a), the dismissal should be without prejudice,
rather than with prejudice.  See Crain
v. Prasifka, 97 S.W.3d 867, 870 (Tex. App.CCorpus
Christi 2003, pet. denied) (holding dismissal under section 14.005 should be
without prejudice); Hickman v. Adams, 35 S.W.3d 120, 124B25 (Tex.
App.CHouston
[14th Dist.] 2000, no pet.) (holding dismissal under section 14.004 should be
without prejudice).  Accordingly, we
sustain Barnes=s third issue.

III. 
Conclusion

The trial court did not abuse its
discretion by dismissing Barnes=s claims
for failure to comply with section 14.005(a)(2) or by declining to appoint legal
counsel for Barnes.  However, because a
dismissal under section 14.005(a)(2) should be without prejudice, we modify the
trial court=s order to omit the words Awith
prejudice@ and to dismiss Barnes=s claims
without prejudice, and as so modified, we affirm the trial court=s
order.  

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed March 30, 2004.

Panel consists of Justices Edelman, Frost, and Guzman.

 

 











[1]  Unless
otherwise stated, all references in this opinion to a section are to the
corresponding section of the Texas Civil Practice and Remedies Code.





[2]  Barnes filed
additional grievance decisions after the trial court dismissed his suit.  We cannot consider them.  See Smith v. Tex. Dep=t of Criminal JusticeBInst. Div.,
33 S.W.3d 338, 341 (Tex. App.CTexarkana 2000, pet. denied).  Even if we could do so, these subsequent
filings did not include written decisions issued by the highest authority
provided for in the grievance system regarding grievance numbers 2002016217,
2002043130, 2002047485, or 2002049608.





[3]  Because we
hold that the trial court did not err in dismissing Barnes=s claims, we need not address Barnes=s fourth, fifth, or sixth issues.