NUMBER 13-05-054-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

FRANK LEROY RIDDLE,                                             Appellant,

 

                                           v.

 

TDCJ-ID,
ET AL.,                                                    Appellees.

 

 

 

                  On appeal from the 151st
District Court

                            of Harris
County, Texas.

 

 

 

                     MEMORANDUM OPINION [1]

 

                     Before Justices Hinojosa, Yañez and
Castillo

                        Memorandum Opinion by Justice Castillo

 








Appellant, Frank Leroy
Riddle, an indigent inmate in the Texas Department of Criminal
Justice-Institutional Division (TDCJ-ID), appeals the dismissal of his pro se
claim[2]
under chapter fourteen of the civil practice and remedies code.  We modify the judgment and affirm.

I.  Issues Presented








Riddle asserts in two
issues that the trial court erred in (1) dismissing his prisoner's in forma
pauperis suit under sections 14.004[3]
and 14.005(b)[4]
of the Texas  Civil Practice and Remedies
Code, and (2) not granting his motion for a new trial.  The State responds that Riddle did not comply
with the requirements of sections 14.004 and 14.005 of the civil practice
remedies code[5]
and the dismissal was proper.

II. Background








In his original
petition, Riddle sued appellees, the TDCJ-ID and various departmental
employees, seeking district court de novo review of a grievance decision[6]
and damages for an injury he allegedly received while working in the Eastham
facility.  The State filed a motion to
dismiss, asserting that Riddle had failed to file the claim, along with all
required supporting documents, within the thirty-one day statute of
limitations, and that Riddle had failed to exhaust all remedies as required by
section 14.005 of the civil practice and remedies code.  Tex.
Civ. Prac. & Rem. Code Ann. _ 14.005 (Vernon
2002).  The trial court granted the
motion to dismiss.  Riddle subsequently
filed a motion for judgment by default and a motion for a new trial.  This appeal ensued.  

III.  Chapter 14 Standard and Scope of Review

We review a dismissal
of an inmate's in forma pauperis suit under chapter 14 of the civil practice
and remedies code for abuse of discretion. 
Harrison v. Tex. Dep't of Criminal Justice-Inst'l Div., 164
S.W.3d 871, 874 (Tex. App.BCorpus Christi 2005,
no pet.) (citing Jackson v. Tex. Dep't of Criminal Justice-Inst'l Div.,
28 S.W.3d 811, 813 (Tex. App.BCorpus Christi 2000,
pet. denied)).  To establish an abuse of
discretion, an appellant must show the trial court's actions were arbitrary or
unreasonable in light of all the circumstances. 
Jackson, 28 S.W.3d at 813. 
When we review whether a trial court abused its discretion in dismissing
such a suit, we also consider whether the suit was dismissed with prejudice
and, if so, we determine whether the inmate was provided the opportunity to
amend his pleadings.  See Hughes v.
Massey, 65 S.W.3d 743, 746 (Tex. App.BBeaumont 2001, no
pet.) (improper to dismiss with prejudice for rule violation in filing in forma
pauperis suit). 

Discussion








In his first issue,
Riddle contends that (1) he has exhausted the grievance procedure, (2) he has
done everything in his power to complain and is without further recourse, and
(3) the trial court erred in not conducting a hearing.  The State 
maintains that the trial court did not err in dismissing the claim
because Riddle has not complied with chapter fourteen statutory requirements.

Section 501.008 of the
Texas Government Code establishes a statutory requirement that inmate grievance
procedures be exhausted against all named parties before a subsequent suit is
initiated in court.  Tex. Gov't Code Ann. _ 501.008 (Vernon
2004).  Section 14.005 of the civil practice
and remedies code allows the trial court to ensure that an inmate proceeding in
forma pauperis has first exhausted the grievance procedure, if applicable.  See Smith v. Tex. Dep't of Criminal
Justice-Inst'l Div., 33 S.W.3d 338, 341 (Tex. App.BTexarkana 2000, pet.
denied).  Though section 14.005 does not
explicitly so provide, its obvious purpose is to permit dismissal of a suit
when it is clear that the inmate has failed to provide all statutorily required
information.  Id.  Therefore, it is incumbent on the inmate to
provide the required information before it comes to the trial court for
review.  Id.  The court shall dismiss a claim if the inmate
fails to exhaust the grievance procedures and fulfill all procedural
requirements prior to filing the claim.  Tex. Civ. Prac. & Rem. Code Ann. _ 14.005 (Vernon 2002).








The record reveals
that Riddle's claim as filed includes an extensive list of defendants who are
not named in his grievance.[7]   Riddle did not exhaust the grievance
procedures for those individuals named in the claim who were not named in his
grievance.  Thus, Riddle did not fulfill
all statutory procedural requirements.  Tex. Gov't Code Ann. _ 501.008; Tex. Civ. Prac. & Rem. Code Ann. _ 14.005(a).  Accordingly, the trial court did not abuse
its discretion in dismissing the lawsuit. 
Jackson, 28 S.W.3d at 813. 


Riddle also contends
that the trial court erred in not conducting a hearing on his claim.  Section 14.008 of the civil practice and
remedies code provides that the court may hold a hearing.  Tex.
Civ. Prac. & Rem. Code Ann. _ 14.008 (Vernon
2002).  A hearing is not necessary when
the dismissal is made as a matter of law rather than fact.  See Smith, 33 S.W.3d at 340.  Here, the dismissal was proper on
matter-of-law grounds because Riddle did not comply with statutory
requisites.  A hearing would not change
the fact that Riddle filed the petition before he exhausted the administrative
remedies against all named defendants. 
Further, the trial court allowed Riddle the opportunity to, and he did
amend his pleadings.  Accordingly,
because Riddle did not fulfill the statutory procedural requirements, his claim
had no arguable basis in law.  See
Retzlaff v. Texas Dep't Of Criminal Justice-Inst'l Div., 94 S.W.3d 650, 653
(Tex. App.BHouston [14th Dist.]
2002, pet. denied).  The trial court did
not abuse its discretion in not convening a hearing.  Smith,33 S.W.3d at 340.  We overrule Riddle's first issue.








The next question is
whether the trial court erred by dismissing Riddle's lawsuit with
prejudice.  It is improper to dismiss a
suit with prejudice unless it is properly a ruling on the merits or the
dismissal is a proper sanction for some procedural violation. See Hughes,
65 S.W.3d at 746; Lentworth v. Trahan, 981 S.W.2d 720, 722-23 (Tex. App.BHouston [1st Dist.] 1998,
no pet.) (setting out procedural sanctions supporting dismissal with prejudice,
none of which are applicable here).  Our
proper course is to modify the judgment by deleting the words "with
prejudice" and by substituting the words "without prejudice."  Tex.
R. App. P. 43; Hickman v. Adams, 35 S.W.3d 120, 124-25 (Tex. App.BHouston [14th Dist.]
2000, no pet.).  We therefore reform the
judgment to provide for dismissal without prejudice.

IV. Motion for New
Trial

Riddle maintains in
his second issue that the trial court erred in not granting a new trial.  He asserts the motion had merit, in light of
the facts and circumstances of the case. 
A motion for new trial must be filed within thirty days after the
judgment or order complained of is signed. 
Tex. R. Civ. P. 329b.  We review the entire record for abuse of
discretion, when the trial court denies a motion for a new trial.  See Dir. State Employees Workers' Comp. Div.
v. Evans, 889 S.W.2d 266, 268 (Tex. 1994).

The record reveals
that Riddle's motion for a new trial was timely filed; however, the trial court
did not rule on the motion.  Accordingly,
the motion was overruled by operation of law. 
Tex. R. Civ. P.
329b(c).  We conclude that a new trial
would not have changed the fact that Riddle filed a claim before he exhausted
the administrative remedies against all defendants.  On this record, we find no abuse of
discretion.  Evans, 889 S.W.2d at
268.  We overrule the second issue
presented.

 

 








V.  Conclusion

We reform the judgment
to reflect the dismissal was "without" prejudice.  We otherwise overrule Riddle's issues on
appeal and affirm the judgment of the trial court.

ERRLINDA CASTILLO

Justice

 

Memorandum Opinion delivered and filed

this 9th day of
February, 2006.  

 

 

 

 











[1] See Tex. R. App. P. 47.2, 47.4.





[2] "Claim" means a cause of
action governed by chapter 14 of the Texas Civil Practice and Remedies
Code.  See Tex. Civ. Prac. & Rem. Code Ann. _' 14.001, 14.003 (Vernon 2002).





[3] Section 14.004 provides:

 

(a) An inmate who files an
affidavit or unsworn declaration of inability to pay costs shall file a
separate affidavit or declaration:

 

(1) identifying each suit, other
than a suit under the Family Code, previously brought by the person and in
which the person was not represented by an attorney, without regard to whether
the person was an inmate at the time the suit was brought; and 

 

(2) describing each suit that was
previously brought by:

(A) stating the operative facts for
which relief was sought;

(B) listing the case name, cause
number, and the court in which the suit was brought;

(C) identifying each party named in
the suit; and

(D) stating the result of the suit,
including whether the suit was dismissed as frivolous or malicious under
Section 13.001 or Section 14.003 or otherwise.

 

(b) If the affidavit or unsworn
declaration filed under this section states that a previous suit was dismissed
as frivolous or malicious, the affidavit or unsworn declaration must state the
date of the final order affirming the dismissal.

 

(c) The
affidavit or unsworn declaration must be accompanied by the certified copy of
the trust account statement required by Section 14.006(f).

 

Tex.
Civ. Prac. & Rem. Code Ann. _ 14.004 (Vernon 2002).





[4] Section 14.005 provides: 

 

(a) An inmate who files a claim
that is subject to the grievance system established under Section 501.008,
Government Code, shall file with the court:

 

(1) an affidavit or unsworn
declaration stating the date that the grievance was filed and the date the written
decision described by Section 501.008(d), Government Code, was received by the
inmate; and (2) a copy of the written decision from the grievance system.

 

(b) A court shall dismiss a claim
if the inmate fails to file the claim before the 31st day after the date the
inmate receives the written decision from the grievance system.

 

(c) If a claim is filed before the
grievance system procedure is complete, the court shall stay the proceeding
with respect to the claim for a period not to exceed 180 days to permit
completion of the grievance system procedure.

 

Tex. Civ.
Prac. & Rem. Code Ann.
_ 14.005 (Vernon 2002).





[5] Specifically, the State asserts
that Riddle failed to file (1) the affidavit relating to previous filings, (2)
a copy of the written decision from the grievance system, and (3) an affidavit
stating the filing dates of the administrative grievance and the dates of
receipt of the written decision.





[6] The TDCJ-ID dismissed Riddle's
grievance regarding an allegation of unsafe working conditions (makeshift cloth
handles on buckets used to carry hot water) in the steward department of the
Eastham facility which allegedly resulted in a burn to his leg. 





[7] Loose documents found in the
clerk's record show that Riddle had submitted the necessary affidavits and
copies of the stage one and two grievances as well as the written decision from
the grievance system at the time he filed the claim, but the named defendants
in the claim were not all included in the grievances.