NO. 07-08-0051-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 28, 2008

______________________________


BENNY JOE PALOMO,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee


_________________________________

FROM THE COUNTY COURT AT LAW NO. 1 OF RANDALL COUNTY;

NO. 2006-1390-L; HON. RONNIE WALKER, PRESIDING

_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Â Â Pending before the court is the appeal of Benny Joe Palomo. The clerkâs record
was filed on January 21, 2008, and a supplemental clerkâs record on March 19, 2008.
Contained therein is the Trial Courtâs Certification of Defendantâs Right of Appeal, which
was executed on February 12, 2008, after amendments to Rule 25.2(d) of the Texas Rules
of Appellate Procedure became effective on September 1, 2007. The form on file does not
comply with the amendments to the rule, which now require that a defendant sign the
certification and receive a copy. Additionally, the new form provides certain admonishments
to a defendant not previously required.


 
Â Â Â Â Â Â Â Â Â Â Â Procedural rules generally control litigation from their effective date. Wilson v. State,
473 S.W.2d 532, 535 (Tex.Crim.App. 1971). Consequently, we abate this appeal and
remand this cause to the trial court for further proceedings. Upon remand, the trial court
shall utilize whatever means necessary to determine if appellant desires to continue the
appeal and, if so, secure a proper Certification of Defendantâs Right of Appeal in compliance
with Rule 25.2(d). Once properly completed and executed, the certification shall be included
in a supplemental clerkâs record. See Tex. R. App. P. 34.5(c)(2). The trial court shall cause
this supplemental clerk's record to be filed with the Clerk of this Court by June 27, 2008. 
This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of
Appellate Procedure, of the defective certification. If a supplemental clerkâs record
containing a proper certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal. See Tex. R. App. P. 25.2(d). 
Â Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Do not publish.



>Id. Furthermore, the record illustrates that she sent the
instrument to the Hockley County District Clerk via first class, properly stamped mail and
the mailing was deposited with the post office on August 29, 2003, or two days before
September 1st. No one disputes that the item was properly addressed to the proper clerk
or that the postage was sufficient. Nor does anyone question that the district clerk received
the document on September 2, 2003, a date well within the ten days prescribed by Rule
5. Given these circumstances, we hold that Hutchins complied with Rule 5 and, therefore,
her suit was filed before the date by which it had to be filed to avoid the modifications of
HB 4.

 The Hospital would have us hold otherwise for several reasons. Through the first,
it posits that interpreting Rule 5 as we do results in an amendment to the terms of the
house bill. In other words, by applying Rule 5 in the manner we do, we have delayed
implementation of the legislature's decree that the Act take effect on September 1st. The
conclusion is wrong. Admittedly, the Texas Supreme Court cannot implement a rule of
procedure that conflicts with a statutory edict. Tex. Gov't Code Ann. §22.04 (c) (Vernon
2004). Yet, the situation before us is much like that before the Supreme Court in Warner. 
There, question arose as to when a petition of an inmate was deemed filed. The court
held, through the application of Rule 5, that it was filed when placed in the prison's mail
system. Warner v. Glass, 135 S.W.3d at 684. Previously thereto, it had been argued that
such an application of Rule 5 would effectively modify, and violate, the terms of the Inmate
Litigation Act. See Tex. Civ. Prac. & Rem. Code Ann. Â§14.04 (Vernon 2002) (stating that
the Act cannot be modified or repealed by a rule adopted by the Supreme Court). This
proposition was rejected, however. The court noted that while the Inmate Litigation Act
utilized the word "filing," it was "silent on when a claim [was] deemed filed." Warner v.
Glass, 135 S.W.2d at 684. Rule 5 merely filled the void; it did not modify the Act. Id. The
same is no less true here. While HB 4 speaks of a claim being filed by a certain day, it
does not define when the claim is deemed filed. So, like the situation in Warner, we can
turn to Rule 5 to determine that.

 Next, the Hospital also suggests that Rule 5 contemplates the existence of a filing
deadline, and HB 4 establishes no such deadline. It is true that some courts have held that
a filing deadline must be involved before Rule 5 can apply. See e.g. In re Hearn, No. 04-03-00949-CV, slip. op., 2004 Tex. App. Lexis 3514 at 9 n.5 (Tex. App.-San Antonio, April
21, 2004, no pet. h.) (holding that Rule 5 does not deem a motion filed on the date it was
placed in the mail when no filing deadline is involved); Smith v. Texas Dept. of Criminal
Justice, 33 S.W.3d 338, 341 (Tex. App.-Texarkana 2000, pet. denied) (holding that the
mailbox rule does not enlarge the time in which an inmate has to file a written order issued
in a grievance proceeding when the statute did not contain a filing deadline). Yet, we can
only wonder how a directive by the legislature declaring that if a suit is filed on X date then
one set of laws apply, but if filed on Y date, then another set applies is not a deadline. 
See Whitworth v. Blumenthal, 59 S.W.2d 393, 398 (Tex. App.-Dallas 2001, no pet.)
(stating that a filing deadline is "a date or time before which something must be done").
This is especially true when the new law affects the cause of action and the extent of one's
recovery. See Act of June 2, 2003, 78th Leg., R.S., ch. 204, Â§10.01, 2003 Tex. Gen. Laws
873-75 (limiting the amount of non-economic damages that can be recovered). 
Undoubtedly, plaintiffs seeking the greater relief afforded by the old law had to act before
a specific date to obtain them. And, because they had to so act, the effective date of the
statute created nothing short of a deadline. So, contrary to the Hospital's suggestion, the
bill did impose "substantive limitation[s]" upon the cause of action depending upon when
the suit was filed. 

 We also reject the notion that because Hutchins could have still pursued a
negligence cause of action after September 1st, though in a limited form, HB 4 could not
be said to have imposed a filing deadline. Nothing in Rule 5 says that the party invoking
its terms must face the risk of losing his entire claim before it can apply. Indeed, the rule
can be used in many situations wherein the failure to act by a certain date has an effect
short of vitiating a particular claim. For instance, Rule 5 would certainly apply to filing a
response to a partial summary judgment. Yet, failing to comply with the seven-day period,
Tex. R. Civ. P. 166a (c), does not necessarily mean that the non-movant risks losing his
entire claim if the motion is granted. Again, the movant may have only sought partial relief.
Moreover, to read the limitation suggested by the Hospital into Rule 5 would certainly
contradict the Supreme Court's policy to liberally construe the rules of civil procedure. See
Tex. R. Civ. P. 1 (stating that the "objective of rules of civil procedure is to obtain a just,
fair, equitable and impartial adjudication of the right of litigants . . . ," and to achieve this
end, "these rules shall be given a liberal construction"). And, that the Supreme Court
nonetheless applied Rule 5 to a situation wherein the document was deposited with an
entity other than the United States mail certainly evinces that Rule 5 falls within the court's
policy of construing the rules liberally.

 In sum, the law in existence prior to the effective date of HB 4 controlled Hutchins'
duty viz the filing of expert reports. This is so because her suit was filed before that date. 
So, the trial court did not err in refusing to grant the Hospital's motion to dismiss. 

 Accordingly, we overrule the issues posed by the Hospital and affirm the order of
the trial court. 


 Brian Quinn 

 Justice

 

 

 

 

 
1. An interlocutory appeal may be brought from an order of a district court that denies all or part of the
relief sought by motion under Â§74.351(b) of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac.
& Rem. Code Ann. Â§51.014(a)(9) (Vernon Supp. 2004).
2. We do note that the effective date did not apply to Â§17 of the Act. Act of June 2, 2003, 78th Leg.,
R.S., ch. 204, Â§23.02(b), 2003 Tex. Gen. Laws 898. However, that section is not involved in this case.