In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00058-CV


______________________________







IN THE INTEREST OF B.L.T., A CHILD







 


On Appeal from the 62nd Judicial District Court


 Franklin County, Texas


Trial Court No. 10,596




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Rickey Thompson and Sara Stokley appeal from the termination of their parental rights to
B.L.T. There is an initial problem that we must address before examining the single point of error
raised by counsel, whether we have jurisdiction to consider the point of error at all.

 An appellate court reviewing a termination of parental rights on the State's petition "may not
consider any issue that was not specifically presented to the trial court in a timely filed statement of
the points on which the party intends to appeal . . . ." Tex. Fam. Code Ann. § 263.405(i) (Vernon
Supp. 2008). To be timely, the statement of points must be filed within fifteen days of the date of
the final order; but a statement of points may be combined with a motion for new trial. Tex. Fam.
Code Ann. § 263.405(b), (b-1) (Vernon Supp. 2008).

 After judgment, Thompson and Stokley filed with the trial court only a motion for new trial. 
Though a statement of points may be made part of the same document as a motion for new trial, a
motion for new trial that does not specifically include such a statement of points is not sufficient to
allow our review of a termination. See In re J.M., No. 12-07-00371-CV, 2008 Tex. App. LEXIS
4871 (Tex. App.--Tyler June 30, 2008, pet. dism'd) (mem. op., not designated for publication). This
motion for new trial made no effort to include a statement of points on appeal. Thus, we have no
jurisdiction.

 Even if we were allowed to imply a statement of points on appeal from the arguments made
in the motion for new trial, this appeal must fail. The only portion of the motion for new trial that
could be said to raise a statutorily sufficient and specific contention for a point on appeal, even under
a lenient standard, states that the evidence was insufficient to show that Thompson and Stokley were
"responsible for any of the events that allegedly put the child in danger." 

 By contrast, the sole point of error raised in the appellants' brief attacks the trial court's ruling
"because medical testimony was put before the jury without expert testimony." On reviewing the
substance of the argument, we glean that counsel complains the court erred by allowing the adoptive
mother, a lay witness who professed to no medical expertise, to testify that the children had
contracted sexually transmitted diseases.

 The substance of the issue gleaned from the motion for new trial differs completely from the
substance of the issue briefed on appeal. We could not stretch the issue raised in the motion for new
trial sufficiently to cover the contention currently raised on appeal. As a result, even if we were
allowed to consider an issue solely from a motion for new trial, we could not address the sole issue
raised in Thompson and Stokley's brief.

 We affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 25, 2008

Date Decided: November 26, 2008 



. According to a document
entitled "Declaration of Ex[h]austion of Administrative Remedies," a second grievance investigator
denied Teague's "step two grievance" May 28, 2003. 
            The defendants filed an answer to Teague's petition September 15, 2003. The defendants
also requested the trial court dismiss Teague's petition for two reasons: First, Teague had allegedly
failed to show he filed his lawsuit within the required thirty-day filing period. Second, Teague
allegedly did not demonstrate he had exhausted his administrative remedies. The trial court
dismissed Teague's lawsuit September 19, 2003, pursuant to Chapter 14 of the Texas Civil Practice
and Remedies Code. On appeal, Teague contends the trial court abused its discretion by dismissing
his lawsuit. We affirm.
            We review a trial court's dismissal under Chapter 14 of the Texas Civil Practice and
Remedies Code for abuse of discretion. Smith v. Tex. Dep't of Criminal Justice–Institutional Div.,
33 S.W.3d 338, 339 (Tex. App.—Texarkana 2000, pet. denied). "The trial court abuses its discretion
if it acts without reference to any guiding rules or principles." Id. 
            Chapter 14 of the Texas Civil Practice and Remedies Code governs lawsuits, except those
brought under the Texas Family Code, filed by inmates of the Texas Department of Criminal Justice. 
Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (Vernon 2002). The chapter further provides:
(a) An inmate who files a claim that is subject to the grievance system established
under Section 501.008, Government Code, shall file with the court:
(1) an affidavit or unsworn declaration stating the date that the grievance was
filed and the date the written decision described by section 501.008(d),
Government Code, was received by the inmate; and
(2) a copy of the written decision from the grievance system.
(b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st
day after the day the inmate receives the written decision from the grievance
system.
 
Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (Vernon 2002). A trial court has a mandatory duty
to dismiss a claim that is filed late. Id.; Smith, 33 S.W.3d at 340 n.2. Further, the Chapter 14.005
affidavit or unsworn declaration must give both the date the grievance was filed and the date on
which a written decision was received. Draughon v. Cockrell, 112 S.W.3d 775, 776 (Tex.
App.—Beaumont 2003, no pet.). 
            In this case, the grievance investigator denied Teague's "step two grievance" May 28, 2003. 
 Teague's "Declaration of Ex[h]austion of Adminstrative Remedies" does not state the date on which
he received notice the grievance had been denied. Teague's declaration therefore fails to comply
with the requirements of Article 14.005. Cf. id. (trial court properly dismissed suit where inmate
failed to file affidavit as required by Chapter 14). Accordingly, the trial court did not err by
dismissing Teague's suit because his affidavit does not comply with the requirements of Article
14.005.
            We affirm the trial court's judgment.


                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice


Date Submitted:          March 30, 2004
Date Decided:             March 31, 2004