**Opinion issued March 24, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00763-CV

————————————

## ANGEL AVILA, Appellant

## V.

## BOBBY PURVIS, KEITH BROOMFIELD, NORMA SMITH, AND PATRICIA WEAVER, Appellees

On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Case No. 75791-I

## MEMORANDUM OPINION

Angel Avila, an inmate incarcerated in the Ellis Unit of the Texas Department of Criminal Justice ("TDCJ"), challenges the trial court's dismissal of his civil action against appellees Bobby Purvis, Keith Broomfield, Norma Smith,

and Patricia Weaver ("TDCJ employees") pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code.[1] We affirm.

## Background

Avila filed suit against appellees alleging various claims arising from a disciplinary hearing held on October 10, 2013. Avila attached to his petition an affidavit of previous lawsuits, an affidavit of facts, his request for relief, a document listing the parties to the suit, and an affidavit of indigence. However, he did not attach to his petition a written decision showing he had exhausted the required grievance procedures.

On April 4, 2014, appellees filed a motion to dismiss Avila's claims pursuant to Chapter 14 of the Civil Practice and Remedies Code. On April 25, 2014, the court notified the parties that defendants' motion to dismiss was set for submission on June 16, 2014, and that Avila must file any response no later than fourteen days before the hearing date. On June 4, 2014, Avila filed his first answer and objections to defendants' answer and jury demand, to which he attached a copy of his Step 1 offender grievance form dated October 15, 2013, and the written decision dated October 29, 2013. The trial court granted defendants' motion to dismiss on the grounds that Avila failed to (1) file his Step 1 Grievance within fifteen days of the alleged incident on which the grievance was based, and (2)

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (West 2002).

2

attach his Step 1 grievance to his original petition and did not file it until almost two months after defendants pointed out the deficiency.[2] This appeal followed.

## Discussion

On appeal, Avila contends that the trial court erred in dismissing his claims because he complied with the requirements under Chapter 14. In his first issue, he asserts that he attached his Step 1 offender grievance form to his June 4 first answer and objections to defendants' answer and jury demand, thereby demonstrating that he filed his Step 1 form within fifteen days of the October 10, 2013 disciplinary hearing. In his second issue, Avila argues that the grievance system does not require him to identify all of the defendants in his Step 2 offender grievance form. In his third issue, he asserts that he notified the court that he had exhausted his administrative remedies by providing a Step 2 grievance.

### A. Applicable Law and Standard of Review

Chapter 14 of the Texas Civil Practice and Remedies Code governs district, county, justice of the peace, or small claims court lawsuits filed by an inmate who claims indigence by filing an affidavit or unsworn declaration of an inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2014). A

---

[2] The trial court stated that even if Avila had complied with those steps, it would have granted the motion to dismiss as to all the defendants except Broomfield because he was the only individual identified in the Step 2 grievance. The court also noted that because it granted the motion on these grounds, it did not consider defendants' argument that Avila's claims have no arguable basis in law.

trial court may dismiss an inmate's suit pursuant to Chapter 14 on any number of grounds, including a failure to comply with the chapter's procedural requirements. *See Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.) An appellant must attack all independent grounds that fully support an adverse ruling. *Gross v. Carroll*, 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

We review a dismissal under Chapter 14 for an abuse of discretion. *Id.* To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## B. Analysis

In his first issue, Avila contends that the trial court erred in dismissing his claims because he complied with the requirements of Chapter 14 by attaching his Step 1 offender grievance form to his first answer and objections to defendants' answer and jury demand filed on June 4, 2014.

A TDCJ disciplinary decision, as well as inmate complaints about TDCJ employees, are subject to the grievance procedures set out in Chapter 14. *Leachman*, 261 S.W.3d at 308; *Comeaux v. Texas Dep't of Criminal Justice*, 193 S.W.3d 83, 87 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). An inmate may

4

not file a claim in state court, the basis for which the TDCJ grievance system provides the exclusive administrative remedy, until the inmate exhausts all remedies provided in the grievance system. TEX. GOV'T CODE ANN. § 501.008(d) (West 2012); *Wallace v. Texas Dep't of Criminal Justice-Institutional Div.*, 36 S.W.3d 607, 610 (Tex. App.—Houston [1st Dist.] 2000, no writ). An inmate who files a claim that is subject to the grievance system must file an affidavit which states the date a grievance was filed and the date a written decision was received, as well as a copy of the written decision. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a) (West 2002); *Wallace*, 36 S.W.3d at 610.

The purpose of section 14.005 is to allow the trial court to ensure an inmate proceeding *in forma pauperis* has first used TDCJ's grievance procedure. *Smith v. Texas Dep't of Criminal Justice-Institutional Div.*, 33 S.W.3d 338, 340 (Tex. App.—Texarkana 2000, no writ). The trial court may dismiss a suit when it becomes clear the inmate has failed to provide the statutorily required information. *Id.* Thus, it is incumbent on the inmate to provide the required information before it comes to the trial court for review. *Id.*

The record reflects that Avila failed to file a copy of his Step 1 offender grievance form and decision with his petition but filed the grievance form and decision on June 4, 2014, with his first answer and objections to defendants' answer and jury demand. However, Avila filed the form and decision untimely

5

because he failed to file it fourteen days before the June 16 hearing on defendants' motion to dismiss as directed by the trial court. Therefore, we hold that the trial court did not abuse its discretion in dismissing his suit. We overrule Avila's first issue.[3]

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

---

[3] In light of our disposition of Avila's first issue, we need not reach his remaining issues. *See* TEX. R. APP. P. 47.1 (stating that appellate court need address every issue necessary to final disposition of appeal).