

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00021-CV

_____

DANIEL GRAY, Appellant

V.

TDCJ, SHARON WEBB, SGT. DUTTINE, CPT. DOE, PROPERTY OFFICER RUST,
AND WARDEN PARKER, Appellees

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 18C1734-005

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Daniel Gray, an inmate confined in the Texas Department of Criminal Justice (TDCJ), complained of the alleged improper confiscation of legal files and books. Proceeding pro se and in forma pauperis, he sued the TDCJ, Sharon Webb, Sgt. Duttine, Cpt. Doe, Property Officer Rust, and Warden Parker. Gray appeals the trial court's dismissal of his lawsuit as frivolous. We affirm.

An inmate action in which an affidavit of inability to pay costs is filed is governed by Chapter 14 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West 2017). "Chapter Fourteen was designed to control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit." *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). We review a Chapter 14 dismissal for an abuse of discretion. *Smith v. Tex. Dep't of Criminal Justice-Institutional Div.*, 33 S.W.3d 338, 339 (Tex. App.—Texarkana 2000, pet. denied) (citing *Hickson*, 926 S.W.2d at 398). A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Chapter 14 requires the exhaustion of administrative remedies as a condition precedent to filing suit. *Smith*, 33 S.W.3d at 340. "The two-step 'Offender Grievance Program' is the sole source of administrative remedy for TDCJ inmates." *Crain v. Prasifka*, 97 S.W.3d 867, 868 & n.3 (Tex. App.—Corpus Christi 2003, pet. denied). An inmate must first present his complaint in a step-one grievance within fifteen days of the incident, and he may appeal the ruling on the step-one grievance by filing a step-two grievance within fifteen days of receiving the response to his

2

step-one grievance. *See id*. at 868–69. An inmate has exhausted his administrative remedies once he receives a written response to a step two grievance. *See* TEX. GOV'T CODE ANN. § 501.008 (West 2012). As we stated in *Smith*,

> An inmate may not file a claim in state court regarding operative facts for which the TDCJ grievance system provides the exclusive administrative remedy until the inmate receives a written decision issued by the highest authority provided for in the grievance system, or the 180th day after the date the grievance is filed if the inmate has not received a written decision.

*Smith*, 33 S.W.3d at 340 (citing TEX. GOV'T CODE ANN. § 501.008(d)).

"An inmate who files a claim that is also subject to the grievance system must file an affidavit stating the date a grievance was filed and the date a written decision was received, and a copy of the written decision." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a) (West 2017)). "If the inmate fails to file a claim within thirty-one days of receiving a final decision from the grievance system, the trial court must dismiss the suit." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (West 2017)).

In our companion cause number 06-19-00020-CV, Gray appealed from the trial court's dismissal of an earlier-filed Chapter 14 inmate lawsuit complaining of the confiscation of property, including legal papers and documents. After the trial court dismissed that complaint as frivolous because he failed to attach a step-two grievance response (a decision we upheld), Gray filed the lawsuit in this case against the same parties. In this case, Gray attached numerous step-one grievances, but only one step-two grievance showing that a decision was reached on October 1, 2018. Gray claimed that he received the step-two grievance response on November 1, 2018, but his complaint was authored on December 14 and filed on December 27, 2018. As a result, the trial

3

court determined that Gray's complaint was not filed within thirty-one days of receiving the step-two grievance decision.

We hold that it was not an abuse of discretion for the trial court to conclude that the lawsuit was untimely filed and that dismissal was required. We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:    March 29, 2019
Date Decided:     April 24, 2019