Daniel **ALVAREZ** and Wife, Fern Alvarez, Appellants,

v.

Michael P. **THOMAS**, M. D., Michael P. Thomas, M.D., P.A., and Gulf Coast Infectious Disease Associates, P.C., Appellees.

No. 06–05–00006–CV.

Court of Appeals of Texas, Texarkana.

Submitted May 24, 2005.

Decided Aug. 26, 2005.

---

Thomas J. Sibley, Thomas J. Sibley, PC, Beaumont, for appellants.

J. Gregory Myers, Rebecca E. Passman, Kroger, Myers, Frisby & Hirsch, Houston, for appellees.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

More than 180 days had passed since Daniel Alvarez originally filed his health-care liability lawsuit against Michael P. Thomas, M.D., and Alvarez had neither filed an expert report—as required by Article 4590i, Section 13, of the Texas Revised Civil Statutes—addressing Thomas' actions, nor sought or received any extension of time to file such a report. So, on March 22, 2004, Thomas mailed to the district clerk a motion to dismiss Alvarez's petition for failure to file the expert report.[1] That would have entitled Thomas to a dismissal, with prejudice, of Alvarez's suit against him, unless Alvarez effectively nonsuited his claims against Thomas before Thomas filed his motion to dismiss.

In fact, on March 23, Alvarez hand filed his fourth amended petition[2]—which, because it dropped Thomas from the list of all defendants except the Beaumont Bone and Joint Institute, P.A., effectively nonsuiting Thomas.

---

[1]. Alvarez filed his original petition August 29, 2003, naming numerous healthcare providers as defendants, including Thomas. At issue was the level of care, and significant complications and serious injuries suffered by Alvarez following knee replacement surgery. After 180 days had passed from the filing of the original petition, with no expert report filed (*see* Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 884, recodified at Tex. Civ. Prac. & Rem.Code Ann. § 74.351 (Vernon 2005)), Thomas filed a motion to dismiss, alleging Alvarez's failure to comply with Article 4590i. The motion to dismiss bears a file-mark stamp of March 25, 2004, and the certificate of service states it was placed in the United States mail March 22, 2004. On March 23, 2004, Alvarez filed a fourth amended petition in which he excluded

[2]. The original petition and the first, second, and third amended petitions were all in the name of Daniel Alvarez as the sole plaintiff versus various defendants, including Thomas. Alvarez's fourth amended petition added Fern Alvarez as a plaintiff but dropped Thomas as a defendant. Thomas asserts in his brief that Fern Alvarez was improperly added to the suit, lacks standing to participate in this appeal, and is not a proper party to the appeal. As this matter does not appear to have been addressed in the trial court and is not germane to the issues presented in this appeal, we do not address it.

defendants, was effectively a nonsuit of Thomas. Thomas' motion to dismiss, mailed March 22, was not received and file marked by the clerk until March 25. The trial court ultimately granted Thomas' motion and dismissed Alvarez's claim with prejudice. This appeal followed. We affirm.

The parties in their briefs to this Court, and to the trial court, have based their motion-to-dismiss dispute entirely on the "mailbox rule." *See* Tex.R. Civ. P. 5. Thomas contends that, under Rule 5, his motion to dismiss is deemed filed March 22, because he proved it was "deposited in the mail ... before" Alvarez's fourth amended petition was filed, and that the motion was received by the appropriate clerk's office no later than ten days after Alvarez's pleading. Thomas ·successfully argued to the trial court, and argues to this Court, that, therefore, he is entitled to a dismissal with prejudice of Alvarez's suit. Alvarez responds that Thomas did not adequately prove when Thomas mailed his motion, so the dismissal was filed March 25, two days after his nonsuit. Alvarez argued to the trial court, and argues to us, that the dismissal was filed after the fourth amended petition, and that, therefore, Alvarez should be free of the dismissal with prejudice ordered by the trial court.

We hold that Rule 5's "mailbox rule" does not apply where there is no preset deadline for filing a document, so Alvarez actually filed his nonsuit before Thomas filed his motion to dismiss. But, because Alvarez did not present Rule 5's nonapplicability to the trial court, he did not preserve error. Therefore, we affirm the trial court's dismissal of Alvarez's action with prejudice.

■ Rule 5 is titled "Enlargement of Time." It applies "[w]hen by [the rules of civil procedure] or by a notice given there-

under or by order of court an act is required or allowed to be done *at or within a specified time,*" and the portion of the rule argued here provides:

> If any document is sent to the proper clerk by first-class United States mail ... properly addressed and stamped and is deposited in the mail *on or before the last day for filing same,* the same, if received by the clerk not more than ten days tardily, *shall be* filed by the clerk and *deemed filed in time.* A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

Tex.R. Civ. P. 5 (emphasis added). Therefore, Rule 5 explicitly allows a party to meet a specified filing deadline by mailing a document for filing "on or before the last day for filing same"; and, if the document is received by the clerk within ten days, it is "deemed filed in time." *Id.* The plain wording of the rule makes it applicable to filings for which there is a time limitation or a deadline. In other words, a litigant can meet the timeliness requirement by mailing the pleading in a timely manner, rather than delivering it to the appropriate clerk's office.

Not only does the rule clearly indicate that it applies only to filings that have deadlines, this Court has previously held that the "mailbox rule" does not enlarge the time for filing a document unless a deadline has been imposed. *Smith v. Tex. Dep't of Criminal Justice—Inst. Div.,* 33 S.W.3d 338, 341 (Tex.App.-Texarkana 2000, pet. denied). In *Smith,* this Court held that the "mailbox rule" did not apply to an inmate's document mailed three days before the entry of an order of dismissal, since no deadline was imposed for filing the document. *Id.*

The San Antonio Court of Appeals has similarly held that "Rule 5 does not deem

a motion filed on the date it is placed in the mail when no filing deadline is involved." *In re Hearn*, 137 S.W.3d 681, 687 (Tex.App.-San Antonio 2004, no pet.). There it was determined that an order to pay costs was not void even though it was entered after a motion to recuse the judge was mailed. The motion to recuse was not deemed filed when mailed because there was no deadline for filing the motion.

■ In a medical malpractice case, the healthcare provider may move for a dismissal if the plaintiff does not timely file the required expert report. The Texas Supreme Court has specifically held there is no statutory deadline to file such a motion to dismiss. *See Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex.2003). In *Jernigan*, the defendant waited almost two years to move to dismiss the case and, during that time, participated in discovery, filed a motion for summary judgment on other grounds, and filed other pleadings. None of that constituted a waiver of the right to move for a dismissal for plaintiff's failure to comply with the medical report requirement. *Id.* It is clear that no deadline applied to Thomas' right to move for a dismissal.

■ If this issue had been properly presented, we would hold that Rule 5 does *not apply* to the motion to dismiss, as there was no preset deadline for its filing. Therefore, Alvarez's filing of his nonsuit predated Thomas' filing his motion to dismiss, and the dismissal would have been error. But the parties did not argue this point to the trial court or to this Court. It would be improper to conclude the trial court erred on an issue that was not presented to it. *See* Tex.R.App. P. 33.1. Alvarez waived the nonapplicability of Rule 5 by not presenting it to the trial court. Therefore, we must affirm the dismissal.

■ Even if Rule 5 were applicable, as the parties presented this matter to the trial court, the dismissal should be affirmed. Applying Rule 5, the trial court did not abuse its discretion in dismissing Alvarez's suit; indeed, in light of the uncontroverted evidence that Thomas mailed his motion to dismiss March 22, the clear language of Article 4590i would have compelled such dismissal. *See* Tex.Rev.Civ. Stat. art. 4590i, § 13 (repealed 2003).

■ Alvarez argues that the envelope in which Thomas' pleading was mailed does not bear a postmark of the United States Postal Service. Regardless of the truth of that assertion, there is no contention Thomas' pleading was delivered via private carrier. Counsel for Thomas represented at the hearing in the trial court, and reiterated in her affidavit, that the motion to dismiss was placed in the United States mail March 22, 2004, postage prepaid. Likewise, the certificate of service on the motion to dismiss states the motion was sent to Alvarez's attorney via certified mail and to three other attorneys by regular mail. In the absence of a legible postmark, an attorney's uncontroverted affidavit establishing the date of mailing may be sufficient evidence of the mailing date and, therefore, of the filing date. *Lofton v. Allstate Ins. Co.*, 895 S.W.2d 693, 693–94 (Tex.1995); *see Arnold v. Shuck*, 24 S.W.3d 470, 472 (Tex.App.-Texarkana 2000, pet. denied) (testimony of legal assistant sufficient as evidence of timely mailing); *Hodges v. State*, 539 S.W.2d 394, 396 (Tex.Civ.App.-Austin 1976, no writ) (counsel's sworn motion, uncontroverted by opposing party, sufficient to demonstrate compliance with Rule 5 where envelope not produced).

■ Alvarez claims that the file mark on Thomas' motion to dismiss (March 25, 2004) should control in determining the date of filing. But there are multiple

forms of prima facie evidence by which a court may determine the filing date under the "mailbox rule." Thomas' certificate of service and his attorney's affidavit are both prima facie evidence of the date of mailing. Alvarez offered nothing to controvert either the certificate of service or the attorney's affidavit.

Alvarez directs us to *Texas Beef Cattle Co. v. Green,* 862 S.W.2d 812 (Tex.App.-Beaumont 1993), *rev'd on other grounds,* 921 S.W.2d 203 (Tex.1996), as authority that an attorney's affidavit and a postage meter stamp fail to overcome the presumption of date of mailing established by a United States Postal Service postmark. *Id.* at 814. While that is the holding there, such a comparison is inapposite here, where there is no United States postmark to be considered.

■ True, Rule 5 provides, as Alvarez argues, that a United States postmark is prima facie evidence of the date of mailing. But the rules and caselaw provide for other forms of prima facie evidence which may be considered. *See* Tex.R. Civ. P. 21a. An attorney's certificate of service constitutes prima facie evidence of service. *Meek v. Bishop Peterson & Sharp, P.C.,* 919 S.W.2d 805, 809 (Tex.App.-Houston [14th Dist.] 1996, writ denied); *Havens v. Ayers,* 886 S.W.2d 506, 509 (Tex.App.-Houston [1st Dist.] 1994, no writ).

Thomas provided prima facie evidence of having placed the motion to dismiss in the United States mail, postage prepaid, by way of the certificate of service and the attorney's affidavit. Alvarez offered no evidence controverting the affidavit of Thomas' counsel or the certificate of service attached to the motion to dismiss. The trial court had ample evidence to find that Thomas' motion for dismissal was mailed March 22, 2004. If Rule 5 applied, as was argued by the parties, the motion

would have been filed March 22, before the nonsuit.

Article 4590i is explicit. If a plaintiff fails to provide the required expert report within 180 days of the filing of his or her suit, on motion by the defendant, a trial court shall dismiss with prejudice the plaintiff's cause of action. Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01. Once a case matures as did this one, without the filing of a qualifying expert report, if thereafter the defendant's motion to dismiss is filed before the plaintiff's nonsuit, the trial court must dismiss with prejudice the plaintiff's suit. *Am. Transitional Care Ctr. v. Palacios,* 46 S.W.3d 873, 875 (Tex. 2001).

We affirm the trial court's judgment.