## In re Frank SHEPPARD, M.D., Jaime Gomez, M.D., and El Paso Colon and Rectal Clinic, Relators.

### No. 08–05–00407–CV.

Court of Appeals of Texas, El Paso.

March 30, 2006.

Rehearing Denied May 3, 2006.

Diana L. Faust, Cooper & Scully, P.C., Dallas, for Relators.

Walter L. Boyaki, Miranda & Boyaki, El Paso, for Interested Party.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

### *OPINION ON PETITION FOR WRIT OF MANDAMUS*

ANN CRAWFORD McCLURE, Justice.

Relators, Frank Sheppard, M.D., Jaime Gomez, M.D., and El Paso Colon and Rectal Clinic seek the issuance of a writ of mandamus against the Honorable Guadalupe Rivera, Judge of the 168th District Court of El Paso County. Relators assert that dismissal is mandated because the expert report filed by the real parties in interest did not comply with former Article 4590i, Section 13.01.[1] Deborah Manghane,

---

**1.** Medical Liability and Improvement Act, 65th Leg., R.S., ch. 817, 1977 Tex.Gen.Laws 2039 (as amended)(former Tex.Rev.Civ.Stat. Ann. art. 4590i, §§ 1.01–16.02), *repealed by* Act effective September 1, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex.Gen.Laws 847, 884. Many of the provisions of former Article 4590i are now codified at Tex.Civ.Prac. & Rem.Code Ann. §§ 74.001–74.507 (Vernon 2005 and Vernon Supp.2005). Because this case was filed before September 1, 2003, the provisions of former Article 4590i apply.

the real party in interest, contends, however, that Relators have an adequate remedy by appeal, and alternatively, they waived their right to seek dismissal because they waited more than three years before filing their motion to dismiss. Finding waiver, we deny mandamus relief.

### Factual Summary

On December 27, 2001, Deborah Manghane filed a medical malpractice suit against Relators. Manghane filed the expert report required by Section 13.01 on February 14, 2002, which is within the statutory deadlines. Relators filed their motion to dismiss on May 13, 2005, which is 1,183 days or approximately three years and three months after the expert report was filed. In that motion, they challenged the adequacy of the expert report. In response, Manghane filed a motion for relief under Article 4590i, Section 13.01(g). She argued that Relators had waived their right to seek a dismissal, that the report was adequate, and alternatively, she sought a 30–day grace period to cure any deficiencies resulting from accident or mistake. Respondent concluded that as to Dr. Sheppard, the expert report represented a good faith effort to comply with the requirements of Article 4590i, and she denied the motion to dismiss. Respondent found that the expert report did not represent a good faith effort as to Dr. Gomez, but she granted Manghane thirty days in which to furnish an expert report which complied with Article 4590i.

### Standard of Review

Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding). Moreover, there must be no other adequate remedy at law. *Id.* Although mandamus is not an equitable remedy, it is largely governed by equitable principles. *Rivercenter Associates v. Rivera*, 858 S.W.2d 366, 367 (Tex.1993).

### Article 4590i

Former Article 4590i, Section 13.01(e) provides that if a claimant has failed to comply with the requirement in subsection (d) to produce an expert report within the time required, on motion of the defendant physician or health care provider, the court shall enter an order awarding as sanctions against the claimant the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling. Tex.Rev.Civ.Stat.Ann. art. 4590i, § 13.01(e). Under the statute's plain language, dismissal is mandatory if it appears to the court, after hearing, that the report does not represent a good faith effort to comply with the definition of an expert report in Section 13.01(r)(6). *Id.* § 13.01(*l*); *American Transitional Care Centers of Texas, Inc. v. Palacios*, 46 S.W.3d 873, 878–79 (Tex.2001). A claimant may move for a thirty-day grace period by filing a motion before any hearing on a defendant's motion to dismiss with prejudice under Subsection (e). Tex.Rev.Civ. Stat.Ann. art. 4590i, § 13.01(g). If the court finds, after a hearing upon the claimant's motion, that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court must grant a grace period of thirty days to allow the claimant to comply. *Id.; Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex.2003).

### Waiver

Manghane asserts that mandamus relief should be denied because Relators waived their right to seek a dismissal. Waiver is defined as an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex.2003). Waiver is largely a matter of intent, and for implied waiver to

be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. *Id.* There can be no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such right. *Id.* Waiver is ordinarily a question of fact, but when the surrounding facts and circumstances are undisputed, the question becomes one of law. *Id.* at 156–57.

Section 13.01 imposes a deadline on the claimant to file an expert report, but it does not impose a deadline for a healthcare provider to file a motion to dismiss under Section 13.01(e).[2] In *Jernigan v. Langley,* the Supreme Court held that the mere fact that a defendant waits to file a motion for dismissal under Section 13.01(e) is insufficient to establish waiver unless the defendant's silence or inaction shows an intent to yield the right to dismissal based on the report's insufficiency. *Id.* at 157. Thus, Dr. Jernigan's delay of more than 600 days did not establish waiver. The Supreme Court also found Dr. Jernigan's participation in discovery was insufficient to establish waiver because attempting to learn more about the case in which one is a party does not demonstrate an intent to waive the right to move for dismissal under Section 13.01(e). *Id.* The Court noted that most of Dr. Jernigan's participation was in response to discovery initiated by the plaintiff and the discovery that he initiated occurred before he had received the expert reports. *Id.* Dr. Jernigan had also amended his answer to delete the following statement: "By way of affirmative defense, Defendant pleads the defense of failure to follow the statutory steps to perfect a claim." *Id.* The opinion concluded that this broad statement did not necessarily refer to an alleged inadequacy of the expert report and could have referred to the failure to file pre-suit notice of the claim. *Id.* at 158. Thus, the Court reasoned that deleting it was not inconsistent with an intent to assert the right to dismissal under Section 13.01(e).

■ Manghane contends that the facts of this case go beyond those presented in *Jernigan* and establish a waiver on the part of Relators to seek dismissal under Section 13.01(e). As we have already stated, Relators waited 1,183 days, or nearly twice the length of delay involved in *Jernigan,* before filing their motion to dismiss. But, *Jernigan* makes it clear that mere delay is insufficient to establish waiver unless the defendant's silence or inaction shows an intent to yield the right to dismissal based on the report's insufficiency.

■ Manghane also relies on Relators' extensive participation in discovery, and they cite the following facts in support of their argument:

1. Relators sent their own discovery requests to Manghane two weeks after they received the expert report;

2. Relators designated their own experts;

3. Relators deposed Manghane;

4. Manghane deposed both Relators;

5. Relators deposed Manghane's retained experts after the motion to dismiss was filed but before it was heard; and

6. Relators permitted their expert in South Carolina to be deposed after the motion to dismiss was filed but before it was heard.

Relators' participation in discovery is more extensive than that of the health care pro-

---

2. The current version of the statute imposes a deadline on a health care provider to object to the report's insufficiency within twenty-one days after it was served with the expert re-

port, or its objections are waived. TEX.CIV. PRAC. & REM.CODE ANN. § 74.351(a)(Vernon Supp.2005).

vider in *Jernigan*, and it was not merely in response to discovery initiated by the plaintiff. While we keep in mind *Jernigan's* holding that attempting to learn more about the case in which one is a party does not demonstrate an intent to waive the right to move for dismissal under Section 13.01(e), Relators did far more than merely attempt to learn more about the facts of the case. Relators completed discovery and announced ready for trial. In the context of this particular case, we believe this is inconsistent with an intent to rely upon the right to seek a dismissal.

Accordingly, we deny mandamus relief.