Opinion filed October 25, 2007











 
 
  
 
 







 
 
  
 
 




Opinion filed October 25,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00250-CV 

                                                    __________

 

                                       IN RE BRADY LOCKE, M.D.

 



 

                                                Original
Mandamus Proceeding

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

This
original proceeding arises from a medical malpractice action.  Terry and Kelly
Kuykendall sued several defendants, including Dr. Brady Locke.  Dr. Locke filed
a motion to dismiss, contending that the Kuykendalls= expert report did not satisfy the
requirements of Tex. Rev. Civ. Stat.
art. 4590i, ' 13.01
(1997).[1]  The trial
court denied the motion, and Dr. Locke filed a petition for writ of mandamus
with this court.  We conditionally grant the writ.

                                                              I.
Background Facts

Kelly
underwent a bilateral salphingo-oophorectomy and a laparoscopic-assisted
vaginal hysterectomy on June 24, 2002.  The surgery was performed by Dr.
Locke.  Kelly=s bladder
was perforated during the surgery.  Dr. Michael J. Dragun was contacted and was
asked to repair the injury.  He performed a laparotomy and was assisted in the
procedure by Dr. Locke.








The
original surgery was scheduled for two hours.  Because of the bladder
complication, the surgery lasted six hours.  Kelly alleges that during the
surgery she suffered permanent nerve damage that causes her to experience
continuing burning and pain in her lower abdomen and groin, numbness, and
tingling and weakness in both legs.

Kelly
and Terry filed a medical malpractice action against Dr. Brady Locke, Midland
Women=s Clinic, Dr.
Michael J. Dragun, West Texas Urology, and Memorial Hospital and Medical Center
Auxiliary, Inc. d/b/a Midland Memorial Hospital.  The Kuykendalls timely
furnished the defendants with a  report from Dr. Mearl A. Naponic.  Dr. Dragun
and West Texas Urology filed a motion to dismiss contending that Dr. Naponic=s report did not satisfy
the requirements of Article 4590i, section 13.01.  The trial court granted the
motion to dismiss and denied the Kuykendalls=
request for an extension of time to file an amended report.  We affirmed.  Kuykendall
v. Dragun, M.D., No. 11-05-00230-CV, 2006 WL 728068 (Tex. App.CEastland March 26, 2006,
pet. denied).

Following
our decision, Dr. Locke filed a motion to dismiss.  The trial court conducted a
hearing, found that Dr. Naponic=s
report satisfied Article 4590i, section 13.01, and denied Dr. Locke=s motion to dismiss.

                                               II. Issues

Dr.
Locke=s petition
raises a single issue, contending that the trial court abused its discretion
because Dr. Naponic=s
report is facially insufficient and fails to meet the requirements of Article
4590i, section13.01.

                                                           III. 
Standard of Review








A
trial court=s decision
to deny a motion to dismiss because of an inadequate expert report is reviewed
under an abuse of discretion standard.  Am. Transitional Care Ctrs. of Tex.,
Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001).  A trial court abuses its
discretion if it acts in an arbitrary or unreasonable manner without reference
to any guiding rules or principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985).  A reviewing court is not allowed to
substitute its judgment for that of the trial court when reviewing a
discretionary decision.  Flores v. Fourth Court of Appeals, 777 S.W.2d
38, 41-42 (Tex. 1989).  The mere fact that a trial court may decide a matter
within its discretionary authority in a different manner than an appellate
court in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Downer, 701 S.W.2d at 241-42.  However, a
trial court has no discretion in determining what the law is or in applying the
law to the facts.  Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).  A
clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion.  Id. 

                                                                   IV.
Discussion

A.
Has Dr. Locke Waived the Right to Challenge Dr. Naponic=s Report?

The
Kuykendalls correctly note that, because the trial court=s order is subject to an abuse of discretion
review, we must uphold its decision on any proper ground supported by the
record.   Fox v. Wardy, 225 S.W.3d 198, 200 (Tex. App.CEl Paso 2005, pet.
denied).  They contend that, even though the trial court=s order does not contain a finding of waiver,
we nonetheless should deny the mandamus because Dr. Locke has waived his right
to challenge Dr. Naponic=s
report.  The Kuykendalls=
waiver argument is primarily premised on the fact that Dr. Locke waited 864 days
before filing a motion to dismiss.  A time line of the relevant events shows:

 5-29-03          Kuykendalls filed their original
petition;

11-24-03         Kuykendalls filed amended petition
with Dr. Naponic=s
report attached;

12-04-03         Dr. Locke filed his original answer;

12-16-04         Dr. Dragun filed his motion to
dismiss;

 6-14-05          Trial court granted Dr. Dragun=s motion to dismiss;

 3-23-06          We affirmed the trial court=s order of dismissal;

 4-6-06            Dr. Locke filed a motion to
dismiss; and

 7-20-07          Trial court denied Dr. Locke=s motion.

The
Kuykendalls argue that not only did Dr. Locke delay before filing a dismissal
motion but also that his conduct has been inconsistent with a desire to
challenge the sufficiency of Dr. Naponic=s
report.  They point to evidence that Dr. Locke submitted several written
discovery requests to them, took their depositions, participated in two other
depositions, and was deposed himself.  They also note that he agreed to
scheduling orders and a motion for continuance without indicating an intent to
file a motion for dismissal and that, in both pleadings and correspondence, he
expressed a need for additional discovery.








The
Kuykendalls argue that, because Article 4590i, section 13.01=s report requirement is
designed to establish early in the litigation whether a case has merit and
because a review of the sufficiency of the report is limited to the four
corners of the report itself, defendants should not be allowed to wait 864 days
after the expert report is filed before asserting a motion for dismissal.
Clearly, Dr. Locke=s
delay deprived him of some of Article 4590i, section 13.01=s intended cost benefit,
but the Texas Supreme Court has held that a defendant must do more than delay
before waiving the right to challenge the sufficiency of an Article 4590i,
section 13.01 expert report.  To establish waiver requires proof of an
intentional relinquishment of a known right or intentional conduct inconsistent
with claiming that right.   Jernigan v. Langley, 111 S.W.3d 153 (Tex.
2003).

In
Jernigan, the defendant doctor waited over 600 days before filing a
motion for dismissal, participated in discovery, and filed a motion for summary
judgment on other grounds.  Id. at 157.  The court held that these actions
were not inconsistent with an intent to seek dismissal under Article 4590i,
section 13.01(e) and, therefore, that he had not waived his right to challenge
the expert=s report.  Id.
at 157-58.  Several other intermediate courts have refused to find waiver
merely because a defendant delayed before filing a motion for dismissal.[2]
Instead, courts have required action such as participating in a trial.  See,
e.g., Spinks v. Brown, 211 S.W.3d 374 (Tex. App.CSan Antonio 2006, no pet.) (finding waiver
when motion to dismiss was filed after the case had been tried, appealed, and
remanded for a new trial); see also In re Sheppard, 197 S.W.3d 798, 802
(Tex. App.CEl Paso
2006, orig. proceeding [mand. pending]) (finding waiver when defendant
completed discovery and announced ready for trial).








The
record contains no evidence that Dr. Locke intentionally relinquished his right
to file a motion for dismissal or that he engaged in conduct inconsistent with
his right to challenge Dr. Naponic=s
report.  The mere passage of time is insufficient to establish waiver because
Article 4590i, section 13.01 imposed no deadline for filing a motion for
dismissal.  Participation in discovery is insufficient to establish waiver
because attempting to learn more about the plaintiff=s case is not inconsistent with a challenge to
the sufficiency of an expert report.  Jernigan, 111 S.W.3d at 157. 
Likewise, advising the trial court or the Kuykendalls that additional discovery
is needed is not inconsistent behavior because, until the sufficiency of the
plaintiff=s expert
report is determined, a defendant can reasonably protect his ability to prepare
a defense.  Consequently, we find that Dr. Locke has not waived his right to
assert a motion for dismissal.

B. 
Is Dr. Naponic=s
Report Sufficient?

In
Palacios, 46 S.W.3d at 878-79, the supreme court outlined the criteria
for evaluating the efficiency of expert reports.  Specifically, the court
wrote:

[T]he expert report
must represent only a good-faith effort to provide a fair summary of the expert=s opinions.  A report need
not marshal all the plaintiff=s
proof, but it must include the expert=s
opinion on each of the elements identified in the statute.  In setting out the
expert=s opinions on
each of those elements, the report must provide enough information to fulfill
two purposes if it is to constitute a good-faith effort.  First, the report
must inform the defendant of the specific conduct the plaintiff has called into
question.  Second, and equally important, the report must provide a basis for
the trial court to conclude that the claims have merit.

 

A
report that merely states the expert=s
conclusions about the standard of care, breach, and causation does not fulfill
these two purposes.  Nor can a report meet these purposes and thus constitute a
good-faith effort if it omits any of the statutory requirements.  However, to
avoid dismissal, a plaintiff need not present evidence in the report as if it
were actually litigating the merits.  The report can be informal in that the
information in the report does not have to meet the same requirements as the
evidence offered in a summary-judgment proceeding or at trial (citations
omitted).

 

Courts have
identified additional considerations when multiple defendants are sued.  In
that instance, the expert report must provide an explanation of how each
defendant specifically breached the applicable standard of care and how that
breach caused or contributed to the cause of injury.  Taylor v. Christus
Spohn Health Sys. Corp., 169 S.W.3d 241, 244 (Tex. App.CCorpus Christi 2004, no
pet.).








When
we affirmed the dismissal of the Kuykendalls=
claims against Dr. Dragun and West Texas Neurology, we found that Dr. Naponic=s report was insufficient
because it was premised upon several assumptions and did not distinguish
between Dr. Locke and Dr. Dragun=s
actions.  Kuykendall, 2006 WL 728068, at *3.  Dr. Locke argues that,
because the Kuykendalls rely upon the same report for their claims against him,
the trial court had no discretion except to grant his motion for dismissal. 
The Kuykendalls respond that the trial court could reasonably conclude that the
report was sufficient as to Dr. Locke.  We agree with Dr. Locke because the
same deficiencies we identified in our prior holding apply to the claims
against him.

Dr.
Naponic=s report
distinguishes between Dr. Locke and Dr. Dragun=s
conduct only when describing the initial surgery.  The report states that Dr.
Locke performed the bilateral salphingo-oophorectomy and that, during this
procedure, he perforated Kelly=s
bladder.  The injury he complains of, however, is not the damage to her bladder
but complications she developed during the extended surgery to repair her
bladder.[3]  There is a
relationship between the bladder injury and the subsequent procedure to repair
that injury, but to hold Dr. Locke liable on this basis alone would incorrectly
impose strict liability.  Dr. Naponic did not contend that Kelly=s nerve damage occurred
when her bladder was perforated but assumed that it occurred during the second
surgery and that the most likely causes were failing to properly pad
self-retaining retractors, improperly positioning her, or leaning on her.

We
have previously noted that Dr. Naponic did not document that a self-retaining
retractor was even used, or if so, by whom.  Moreover, assuming one was used,
he did not document how it was padded or should have been padded, how Kelly was
positioned at any point in time during her surgical procedure, or how she
should have been positioned.  Id.  Finally, we noted that Dr. Naponic
offered no support for his hypothesis that Dr. Dragun leaned on Kelly.  The
same is true for Dr. Locke.








If
a report omits any of the statutorily required elements, it is not a good faith
effort.  Palacios, 46 S.W.3d at 879.  Because Dr. Naponic=s report does not identify
the conduct of Dr. Locke that he contends was negligent and was the proximate
cause of Kelly=s nerve
damage, it does not satisfy Article 4590i, section 13.01.  See Whitworth v.
Blumenthal, 59 S.W.3d 393, 396-97 (Tex. App.CDallas
2001, pet. dism=d by
agr.) (expert=s report
was inadequate because it failed to inform the defendant of the specific
conduct called into question).  The trial court, therefore, abused its
discretion when it found otherwise.

Dr.
Locke asks that we direct the trial court to grant his motion to dismiss and to
assess sanctions pursuant to Article 4590i, section 13.01(e).  This request is
premature.  The Kuykendalls=
response to Dr. Locke=s
motion to dismiss included a request for a thirty-day extension.  In our prior
opinion, we held that the trial court did not abuse its discretion by denying
the Kuydendalls=
request for extension in response to Dr. Dragun=s
motion to dismiss.  Kuykendall, 2006 WL 728068, at *4-5.  We noted that
the trial court is best positioned to determine if an extension is appropriate
because of individual fact patterns.  Id. During the hearing on Dr.
Locke=s motion to
dismiss, the Kuykendalls advanced reasons in support of an extension that were
not presented in response to Dr. Dragun=s
motion.  The trial court has not been afforded an opportunity to determine
whether an extension is warranted in this instance.  It would be inappropriate
for this court to express any opinion on an extension until the trial court has
first considered this issue.

                                 V. Holding

Dr.
Locke=s petition is
conditionally granted.  The trial court is directed to vacate its finding that
Dr. Naponic=s report
satisfies Article 4590i, section 13.01 and to consider the Kuykendalls= request for a thirty-day
extension.  In the unlikely event that the trial court does not vacate its
prior finding, then a writ of mandamus shall issue. 

 

 

RICK STRANGE

JUSTICE

October 25, 2007

Panel consists
of:  McCall, J., and Strange, J.

Wright, C.J.,
not participating.









     [1]Although applicable
to this case, Article 4590i was repealed effective September 1, 2003; and the
subject matter is now governed by Tex.
Civ. Prac. & Rem. Code Ann. '
74.351 (Vernon Supp. 2006).





     [2]See, e.g., Bustillos
v. Rowley, 225 S.W.3d 122, 127-28 (Tex. App.CEl
Paso 2005, pet. denied); Alvarez v. Thomas, 172 S.W.3d 298, 302 (Tex.
App.CTexarkana 2005, no pet.);  Strom v. Mem=l Hermann Hosp. Sys., 110 S.W.3d 216, 226 (Tex. App.CHouston
[1st Dist.] 2003, pet. denied); Hernandez v. Piziak, No. 03-02-00544-CV,
2003 WL 248329 (Tex. App.CAustin Feb. 6, 2003, pet. denied)(mem.op.); Kidd v.
Brenham State Sch. Tex. Dep=t of Mental Health & Mental Retardation, 93 S.W.3d 204, 208 (Tex. App.CHouston [14th Dist.] 2002, pet. denied); Chisholm v.
Maron, 63 S.W.3d 903, 908 (Tex. App.CAmarillo
2001, no pet.).





     [3]Dr. Naponic=s report states:

 

Kelly Kuykendall sustained injury to the peripheral
nerves of primarily the first lumbar nerves affecting primarily the
ilioinguinal, iliohypogastric, and genitofemoral nerves. . . . 

 

These injuries and their related complaints were, in my opinion,
directly caused by trauma visited upon the nerves during the bladder repair and
in the exercise of reasonable prudence and care could have and should have been
avoided by both the physicians and the hospital surgical personnel.