Opinion filed December 10, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed December 10,
2009

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-09-00280-CV

                                                    __________

 

IN RE WAL-MART STORES,
INC., AND WAL-MART PHARMACY 

                                                              



 

                                                Original
Mandamus Proceeding

                                                                              



 

                                             M
E M O R A N D U M   O P I N I O N

Real
party in interest, David Jakobot, brought a health care liability claim against
relators, Wal-Mart Stores, Inc., and Wal-Mart Pharmacy (collectively AWal-Mart@).  Wal-Mart filed a motion
to dismiss, contending that Jakobot=s
expert report did not comply with the requirements of Tex. Rev. Civ. Stat. art. 4590i, ' 13.01 (1997).[1] 
The trial court denied the motion, and Wal-Mart filed a petition for writ of
mandamus in this court.  We deny mandamus relief.

The
trial court entered findings of fact and conclusions of law in support of its
order denying Wal-Mart=s
motion to dismiss.  The trial court made a number of findings and conclusions
that are relevant to deciding the issues presented in this mandamus proceeding:

FINDINGS
OF FACT:

3. 
David Jakobot filed his Original Petition against Wal-Mart and Dr. Luther Key
on November 27, 2000.

 








4. 
The initial statutory 180-day deadline for Plaintiff to file an expert report
was May 26, 2001.

 

5. 
Dr. Paul Mani, Plaintiff=s
original Article 4590i expert, prepared an expert report and curriculum vitae
dated April 11, 2001, however it was not filed and served until August 30,
2001.

 

6. 
Dr. Key filed a Motion for Sanctions for failure to file an expert report
pursuant to Section 13.01(f) of Article 4590 on June 13, 2001.  Wal-Mart filed
no such motion or objection.

 

7.  
On August 30, 2001, Mr. Jakobot filed and served an expert report and
curriculum vitae of Dr. Paul Mani pursuant to Section 13.01(d) of Article
4590i.

 

8. 
On August 30, 2001, prior to time of the November 1, 2001 hearing on
Dr. Key=s Motion
for Sanctions on plaintiff=s
failure to file and serve an expert report, Mr. Jakobot filed a Motion for
Grace Period, requesting an extension of time for filing his expert report.

 

9. 
On November 2, 2001, the Court found that Jakobot=s
expert report was not timely filed and served due to an inadvertent error on
the part of Plaintiff=s
counsel, and granted Mr. Jakobot=s
request for an extension of 30 days to file an expert report, with a new
deadline of December 2, 2001.  The Court ordered Jakobot to pay Dr. Key=s attorney=s fees incurred in bringing
the Motion for Sanctions or face dismissal of Plaintiff=s claims against Dr. Key.  

 

10. 
On December 6, 2001, the Court ordered the dismissal of Dr. Key as a defendant
because the Plaintiff refused to pay Dr. Key=s
attorney=s fees before
the deadline pursuant to the Order dated November 2, 2001.

 

14.
The deadline for objecting to the expert report and qualifications of plaintiff=s expert report expired on
the deadline set in this case for the filing of dispositive motions, which was
January 28, 2008.[2]

 

15. 
Wal-Mart raised no objection to the sufficiency of the Plaintiff=s expert report or
qualifications until October 27, 2008, when Wal-Mart filed a motion to dismiss
for failure to file an adequate expert report.[3] 









 

CONCLUSIONS OF LAW:

 

17.  Mr. Jakobot
served his expert report of Dr. Paul Mani pursuant to Article 4590 on
August 30, 2001, which was within the Court-ordered grace period deadline of
December 2, 2001.  Wal-Mart had over seven years to object to the adequacy of
the Plaintiff=s expert
report or qualifications prior to the deadline of January 25, 2008, set forth
in the Court=s amended
scheduling order.  Instead it has conducted discovery, including expert
depositions, filed motions, and proceeded toward trial.

 

18.  No leave of
court was requested or granted to allow Wal-Mart to file a dispositive motion
beyond the court-ordered deadline for the filing of dispositive motions. 
Wal-Mart=s motion to
dismiss was filed on October 27, 2008, over nine months after the court-ordered
deadline and on the eve of trial previously scheduled on October 30, 2008.
Wal-Mart=s motion to
dismiss based on any objection to the Plaintiff=s
expert report is therefore untimely.  Moreover, by waiting over seven years
after first receiving the Plaintiff=s
expert report of Dr. Paul Mani, Wal-Mart has waived any objection it may have
had to the sufficiency of the report.  Therefore, the Court concludes that the
Defendants= Motion to
Dismiss for Plaintiff=s
Failure to File an Adequate Expert Report is a deficient dispositive motion
filed after the deadline for the filing of same.        

 

A
trial court=s decision
to deny a motion to dismiss because of an inadequate report is reviewed under
an abuse of discretion standard.  Am. Transitional Care Ctrs. of Tex., Inc.
v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001).  A trial court abuses its
discretion if it acts in an arbitrary or unreasonable manner without reference to
any guiding rules or principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985).

The
trial court concluded that Wal-Mart had waived any objections to the
sufficiency of Dr. Mani=s
report.  Waiver is defined as the intentional relinquishment of a known right
or intentional conduct inconsistent with claiming that right.  Jernigan v.
Langley, 111 S.W.3d 153, 156 (Tex. 2003); In re Sheppard, 197 S.W.3d
798, 800 (Tex. App.CEl
Paso 2006, orig. proceeding).  Waiver is largely a matter of intent, and for
implied waiver to be found through a party=s
actions, intent must be clearly demonstrated by the surrounding facts and circumstances. 
Jernigan, 111 S.W.3d at 156; Sheppard, 197 S.W.3d at 800-01.








The
trial court=s findings
of fact are supported by the record.  Jakobot filed Dr. Mani=s expert report on August
30, 2001.  The trial court entered an amended scheduling order on October 10,
2007.  The order required that all dispositive motions be filed by January 25,
2008.  Wal-Mart failed to comply with the deadline.  Instead, Wal-Mart filed its
motion to dismiss on October 27, 2008, which was about seven years after
Jakobot filed Dr. Mani=s
report.  Before filing its motion to dismiss, Wal-Mart conducted discovery,
including taking the deposition of an expert witness, and filed no-evidence and
traditional motions for summary judgment, which the trial court denied.  Based
on Wal-Mart=s
seven-year delay in filing its motion to dismiss, its failure to comply with
the trial court=s
deadline for filing dispositive motions, and the other facts found by the trial
court, we cannot conclude that the trial court abused its discretion in
concluding that Wal-Mart waived its right to seek dismissal based on the
insufficiency of Dr. Mani=s
report.  See Sheppard, 197 S.W.3d at 801-02. 

Therefore,
we deny Wal-Mart=s
petition for writ of mandamus.

 

 

TERRY McCALL

JUSTICE

 

December 10,
2009

Panel consists of:  Wright, C.J.,


McCall, J., and Strange, J.









[1]Although applicable to this case, Article 4590i was
repealed effective September 1, 2003; and the subject matter is now governed by
Tex. Civ. Prac. & Rem. Code Ann. ' 74.351 (Vernon Supp. 2009).





[2]This date appears to be a typographical error.  The
trial court entered an amended scheduling order in which it required that all
dispositive motions be filed by January 25, 2008.  The trial court referred to
the January 25 deadline in its conclusions of law.





[3]The record shows that Wal-Mart filed its motion to
dismiss on October 29, 2008.