**Opinion filed December 10, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00280-CV

_____

## IN RE WAL-MART STORES, INC., AND WAL-MART PHARMACY

### Original Mandamus Proceeding

### M E M O R A N D U M   O P I N I O N

Real party in interest, David Jakobot, brought a health care liability claim against relators, Wal-Mart Stores, Inc., and Wal-Mart Pharmacy (collectively "Wal-Mart"). Wal-Mart filed a motion to dismiss, contending that Jakobot's expert report did not comply with the requirements of TEX. REV. CIV. STAT. art. 4590i, § 13.01 (1997).[1] The trial court denied the motion, and Wal-Mart filed a petition for writ of mandamus in this court. We deny mandamus relief.

The trial court entered findings of fact and conclusions of law in support of its order denying Wal-Mart's motion to dismiss. The trial court made a number of findings and conclusions that are relevant to deciding the issues presented in this mandamus proceeding:

FINDINGS OF FACT:

       3. David Jakobot filed his Original Petition against Wal-Mart and Dr. Luther Key on November 27, 2000.

---

[1]Although applicable to this case, Article 4590i was repealed effective September 1, 2003; and the subject matter is now governed by TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2009).

4. The initial statutory 180-day deadline for Plaintiff to file an expert report was May 26, 2001.

5. Dr. Paul Mani, Plaintiff's original Article 4590i expert, prepared an expert report and curriculum vitae dated April 11, 2001, however it was not filed and served until August 30, 2001.

6. Dr. Key filed a Motion for Sanctions for failure to file an expert report pursuant to Section 13.01(f) of Article 4590 on June 13, 2001. Wal-Mart filed no such motion or objection.

7. On August 30, 2001, Mr. Jakobot filed and served an expert report and curriculum vitae of Dr. Paul Mani pursuant to Section 13.01(d) of Article 4590i.

8. On August 30, 2001, prior to time of the November 1, 2001 hearing on Dr. Key's Motion for Sanctions on plaintiff's failure to file and serve an expert report, Mr. Jakobot filed a Motion for Grace Period, requesting an extension of time for filing his expert report.

9. On November 2, 2001, the Court found that Jakobot's expert report was not timely filed and served due to an inadvertent error on the part of Plaintiff's counsel, and granted Mr. Jakobot's request for an extension of 30 days to file an expert report, with a new deadline of December 2, 2001. The Court ordered Jakobot to pay Dr. Key's attorney's fees incurred in bringing the Motion for Sanctions or face dismissal of Plaintiff's claims against Dr. Key.

10. On December 6, 2001, the Court ordered the dismissal of Dr. Key as a defendant because the Plaintiff refused to pay Dr. Key's attorney's fees before the deadline pursuant to the Order dated November 2, 2001.

14. The deadline for objecting to the expert report and qualifications of plaintiff's expert report expired on the deadline set in this case for the filing of dispositive motions, which was January 28, 2008.[2]

15. Wal-Mart raised no objection to the sufficiency of the Plaintiff's expert report or qualifications until October 27, 2008, when Wal-Mart filed a motion to dismiss for failure to file an adequate expert report.[3]

---

[2]This date appears to be a typographical error. The trial court entered an amended scheduling order in which it required that all dispositive motions be filed by January 25, 2008. The trial court referred to the January 25 deadline in its conclusions of law.

[3]The record shows that Wal-Mart filed its motion to dismiss on October 29, 2008.

CONCLUSIONS OF LAW:

17. Mr. Jakobot served his expert report of Dr. Paul Mani pursuant to Article 4590 on August 30, 2001, which was within the Court-ordered grace period deadline of December 2, 2001. Wal-Mart had over seven years to object to the adequacy of the Plaintiff's expert report or qualifications prior to the deadline of January 25, 2008, set forth in the Court's amended scheduling order. Instead it has conducted discovery, including expert depositions, filed motions, and proceeded toward trial.

18. No leave of court was requested or granted to allow Wal-Mart to file a dispositive motion beyond the court-ordered deadline for the filing of dispositive motions. Wal-Mart's motion to dismiss was filed on October 27, 2008, over nine months after the court-ordered deadline and on the eve of trial previously scheduled on October 30, 2008. Wal-Mart's motion to dismiss based on any objection to the Plaintiff's expert report is therefore untimely. Moreover, by waiting over seven years after first receiving the Plaintiff's expert report of Dr. Paul Mani, Wal-Mart has waived any objection it may have had to the sufficiency of the report. Therefore, the Court concludes that the Defendants' Motion to Dismiss for Plaintiff's Failure to File an Adequate Expert Report is a deficient dispositive motion filed after the deadline for the filing of same.

A trial court's decision to deny a motion to dismiss because of an inadequate report is reviewed under an abuse of discretion standard. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

The trial court concluded that Wal-Mart had waived any objections to the sufficiency of Dr. Mani's report. Waiver is defined as the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003); *In re Sheppard*, 197 S.W.3d 798, 800 (Tex. App.—El Paso 2006, orig. proceeding). Waiver is largely a matter of intent, and for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances. *Jernigan*, 111 S.W.3d at 156; *Sheppard*, 197 S.W.3d at 800-01.

The trial court's findings of fact are supported by the record. Jakobot filed Dr. Mani's expert report on August 30, 2001. The trial court entered an amended scheduling order on October 10,

3

2007. The order required that all dispositive motions be filed by January 25, 2008. Wal-Mart failed to comply with the deadline. Instead, Wal-Mart filed its motion to dismiss on October 27, 2008, which was about seven years after Jakobot filed Dr. Mani's report. Before filing its motion to dismiss, Wal-Mart conducted discovery, including taking the deposition of an expert witness, and filed no-evidence and traditional motions for summary judgment, which the trial court denied. Based on Wal-Mart's seven-year delay in filing its motion to dismiss, its failure to comply with the trial court's deadline for filing dispositive motions, and the other facts found by the trial court, we cannot conclude that the trial court abused its discretion in concluding that Wal-Mart waived its right to seek dismissal based on the insufficiency of Dr. Mani's report. *See Sheppard*, 197 S.W.3d at 801-02.

Therefore, we deny Wal-Mart's petition for writ of mandamus.


TERRY McCALL

JUSTICE


December 10, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4