**Affirm in part; Reverse in part and Remand; Opinion Filed July 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01728-CV

## FP ASSET GROUP, LP F/K/A FUNDING PARTNERS, LP, Appellant
### V.
## PROVIDENCE BANK D/B/A PREMIER BANK TEXAS, Appellee

On Appeal from the 162nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-11-13700

## MEMORANDUM OPINION
Before Justices Moseley, Francis, and Lang
Opinion by Justice Moseley

This case presents a procedural issue about when a notice of nonsuit that is mailed to the clerk of court is filed. In a single issue, appellant argues that the trial court erred by dismissing its counterclaim that was filed electronically on the same day that appellee mailed its notice of nonsuit to the trial court. The background of the case and the evidence adduced below are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We conclude the trial court erred by entering its order of dismissal with prejudice, which had the effect of dismissing appellant's counterclaim. We affirm the trial court's order of dismissal in part and reverse in part. We remand the case for further proceedings.

Appellee sued appellant for the deficiency/balanced owed after appellee foreclosed on a property owned by appellant. The parties settled that dispute: appellant agreed to pay a sum of money and appellee agreed to nonsuit its case with prejudice. At the time of the settlement, appellant did not have any pending counterclaim.

On September 5, 2012, appellant electronically filed with the court clerk a counterclaim against appellee for damages relating to other properties that were not part of the parties' settlement agreement. On the same day, appellee mailed a notice of nonsuit/voluntary dismissal with prejudice to the court clerk.[1] The notice of nonsuit was filed by the clerk on September 7, 2012.

One week later, on September 14, 2012, the trial court entered an order of dismissal with prejudice as to all parties and claims. The trial court's order stated: "The Court has before it Plaintiff's Notice of Non-Suit/Voluntary Dismissal With Prejudice. Being informed by the parties that this matter has been settled and that the parties desire to dismiss this cause, the Court finds that this case should be dismissed as to all parties and claims." Appellant then filed a motion to clarify or modify the order of dismissal, requesting the trial court modify its order to reflect the dismissal of appellee's claims only. At the hearing on appellant's motion, the trial court stated: "The Court is unable to determine who got to the courthouse first. Therefore, the Court is maintaining the present dismissed status of this case."

The parties agree that the trial court must have applied rule 5 to reach the conclusion that the case could be properly dismissed with prejudice. *See* TEX. R. CIV. P. 5. Rule 5 is titled "Enlargement of Time." It applies "[w]hen by [the rules of civil procedure] or by a notice given

---

[1] Counsel for appellee represented to the trial court that the notice of nonsuit was filed on September 5, 2012, in the afternoon. For purposes of this appeal, we will accept that representation as correct.

thereunder or by order of court an act is required or allowed to be done at or within a specified time." *Id.* It further states:

> If any document is sent to the proper clerk by first-class United States mail . . . properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and deemed filed in time. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

*Id.*

By its terms, rule 5 allows a party to meet a filing deadline by mailing a document for filing "on or before the last day for filing same." *Id.* The plain wording of the rule shows that it is applicable only to filings for which there is a time limitation or a deadline. Rule 5 does not enlarge the time for filing a document unless a deadline has been imposed. *See Alvarez v. Thomas*, 172 S.W.3d 298, 302 (Tex. App.—Texarkana 2005, no pet.) (citing TEX. R. CIV. P. 5; *Smith v. Tex. Dep't of Criminal Justice—Inst. Div*., 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied)). Instead, rule 5 allows a litigant to meet the timeliness requirement by mailing a pleading in a timely manner rather than delivering it to the appropriate clerk's office. *See Pediatrix Med. Servs., Inc. v. De L O*, 368 S.W.3d 34, 39 (Tex. App.—El Paso 2012, no pet.) (Rule 5 "applies to filings that contemplate a filing deadline"); *Alvarez*, 172 S.W.3d at 302 (Rule 5 does not apply if there is no preset deadline for filing a document).

However, rule 162 governing dismissals and nonsuits does not impose the type of deadline contemplated by rule 5. Rule 162 states that a plaintiff may dismiss his case, or take a non-suit, "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence." TEX. R. CIV. P. 162. Further, a dismissal of the plaintiff's claims "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief." *Id*.

Because rule 162 does not have a preset deadline for filing a document, we conclude that appellee cannot take advantage of rule 5 as a way to have its notice of nonsuit deemed filed

before appellant filed its counterclaim. Appellant actually filed its counterclaim before appellee filed its notice of nonsuit, and the trial court erred by dismissing appellant's counterclaim when it entered its order of dismissal. We sustain appellant's sole issue.

We reverse that portion of the trial court's order dismissing appellant's counterclaim. In all other respects, we affirm the trial court's order. We remand this case for further proceedings.

121728F.P05

/Jim Moseley/
JIM MOSELEY
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

FP ASSET GROUP, LP (F/K/A FUNDING
PARTNERS, LP), Appellant

No. 05-12-01728-CV          V.

PROVIDENCE BANK D/B/A PREMIER
BANK TEXAS, Appellee

On Appeal from the 162nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-13700.
Opinion delivered by Justice Moseley.
Justices Francis and Lang participating.

In accordance with this Court's opinion of this date, the trial court's order of dismissal
with prejudice is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of
the trial court's order dismissing the counterclaim asserted by appellant FP ASSET GROUP, LP
(F/K/A FUNDING PARTNERS, LP). In all other respects, the trial court's order is
**AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings.

It is **ORDERED** that appellant FP ASSET GROUP, LP (F/K/A FUNDING PARTNERS,
LP) recover its costs of this appeal from appellee PROVIDENCE BANK D/B/A PREMIER
BANK TEXAS.

Judgment entered this 22nd day of July, 2014.